**James C. Booth and Elizabeth Booth, Plaintiffs-Appellees, v. Peggy R. Sutton, Defendant-Appellant.**

**Gen. No. 52,660.**

First District, First Division.

October 21, 1968.

Tom L. Yates, of Chicago, and Summers, Watson & Kimpel, of Champaign (Carl E. Abrahamson, of Chicago, of counsel), for appellant.

Peterson, Lowry, Rall, Barber & Ross, of Chicago (Harold W. Huff, of counsel), for appellees.

MR. JUSTICE ADESKO delivered the opinion of the court.

This appeal was brought by the defendant, Peggy R. Sutton, to reverse the dismissal of her Counterclaim for want of prosecution and the denial of her Amended Petition to vacate the order of dismissal. The actions and orders of the trial court all occurred at a pretrial conference. No questions are raised on the pleadings.

The essential facts are not in dispute. A complaint was filed by the plaintiffs on June 17, 1965, charging that defendant was guilty of certain negligent acts which caused a collision between their respective motor vehicles, resulting in personal injuries to James C. Booth and deprivation to Elizabeth Booth of her husband's care, companionship, services and consortium. In her answer, defendant denied the charges of the plaintiffs and plead-

ed a Counterclaim, charging plaintiff, James C. Booth, with certain negligent and careless acts which caused said collision that resulted in personal injuries to her. Plaintiffs' answer to the Counterclaim denied all allegations therein.

In the course of the pretrial proceedings of the Circuit Court of Cook County, the case was assigned to a pretrial conference. The case was set for a pretrial hearing at 9:00 a. m. on July 19, 1967, and it was ordered that plaintiffs, plaintiffs' attorney, defense attorney, and a representative of the insurance carrier be present. Pursuant to said order, an attorney appeared at the pretrial conference on July 19, 1967, at 9:00 a. m., and informed the court that he had been engaged by defendant's attorneys of record to appear for defendant; that he was familiar with the case, and that he was authorized to act in behalf of the defendant. The court then inquired as to the defendant's whereabouts and was advised that she was a resident of British Columbia, Canada, doing graduate work at an educational institution; that it was not economically feasible for her to travel from British Columbia to Chicago for the purpose of attending a pretrial conference; and since there was a complete conflict in the case, her presence could serve no useful purpose, and therefore it was requested that defendant be excused from being present.

Plaintiffs did not personally appear at the pretrial conference, but their attorney appeared on their behalf, stating that plaintiffs were out of the State on vacation and that he, the attorney, had full authority to discuss the case on their behalf. The court continued the pretrial conference until the following day, July 20, 1967, at 8:30 a. m., stating that if plaintiffs and defendant were not present, the Complaint and Counterclaim would each be dismissed. On July 20, 1967, at 8:30 a. m., the plaintiffs failed to appear, but their attorney once again appeared stating that plaintiffs were still on vacation.

412

Another attorney representing the defendant appeared and asked for leave of court to file the motion of the defendant excusing the personal appearance of defendant. The court refused to allow the filing of the motion and dismissed the Complaint and Counterclaim under Rule 219 (c) (iii), of the Illinois Supreme Court Rules, Ill Rev Stats 1967, c 110A, § 219 (c) (iii).

On July 27, 1967, on the court's own motion, without notice to the parties, an amended order was entered dismissing the Complaint, at plaintiffs' costs, and the Counterclaim, at defendant-counterclaimant's costs, for want of prosecution. Plaintiffs filed a motion to vacate the July 27, 1967, order on August 16, 1967, and on August 25, 1967, defendant filed an Amended Petition to vacate the orders entered on July 20 and July 27, 1967. On September 5, 1967, at the hearing on plaintiffs' motion and defendant's Amended Petition, the court ordered that the motion and Petition were each denied.

Defendant contends the trial court abused its discretion in arbitrarily dismissing defendant's Counterclaim and denying defendant's Amended Petition to vacate the order of dismissal. The proceeding before the court was a pretrial conference, pursuant to Illinois Supreme Court Rule 218, (Ill Rev Stats (1967), c 110A, § 218), conducted for the purpose of disposing of the case or simplifying the issues involved. This was not a trial, nor were witnesses required to be present. Pertinent provisions of the June 6, 1967, pretrial order are as follows:

". . . The above-entitled cause was assigned to the undersigned for pretrial with a view to disposing of this cause, or a simplification of the issues.

"The pretrial will be conducted in accordance with Supreme Court Rules 218 and 219 (C).

"IT IS ORDERED that this cause be and it is hereby set for pretrial on Wednesday, July 19, 1967, at 9 :00 o'clock a. m.

■■■■■■

"IT IS FURTHER ORDERED that the PLAIN-TIFF and PLAINTIFF'S ATTORNEY and the DE-FENSE ATTORNEY and a REPRESENTATIVE of the insurance carrier MUST be present at that time.

"IT IS FURTHER ORDERED that if plaintiff and plaintiff's attorney fail to appear at said time, this cause will be dismissed for want of prosecution.

"IT IS FURTHER ORDERED that if defense attorney and a representative of the insurance carrier fail to appear at said time, plaintiff will be permitted to proceed to process this cause to verdict and judgment."

The court dismissed defendant's Counterclaim and denied her Amended Petition to vacate the order of dismissal pursuant to Supreme Court Rule 219(c)(iii), which provides:

"(c) Failure to Comply with Order or Rules. If a party, or any person at the instance of or in collusion with a party, unreasonably refuses to comply with any provision of rules 201 through 218, or fails to comply with any order entered under these rules, the court, on motion, may enter, in addition to remedies, elsewhere specifically provided, such orders as are just, including, among others, the following: . . .

.  .  .  .  .  .

(iii) that he be debarred from maintaining any particular claim, counterclaim, third-party complaint, or defense relating to that issue."

■■■■■ This court recognizes the importance of pretrial procedure and, specifically, the pretrial conference, to dispose of cases and to reduce the case load on the

calendars of the courts of this State. Direction and control over pretrial procedure has been vested in the courts, while the Supreme Court has provided, through appropriate rules, powers of enforcement to promote pretrial disposition. The court conducting the pretrial conference has wide discretion in compelling compliance to pretrial procedures, and the exercise of such discretion will not be interfered with unless it appears that the court has abused that discretion. One of the most coercive measures to compel obedience to a pretrial order issued by the court, is the threat of dismissal of a party's action in the event of noncompliance with such order. In Goldman v. Checker Taxi Co., 84 Ill App2d 318, 228 NE2d 177 (1967), we held that persistant failure of the plaintiff-appellant to comply with the orders of the court is a proper ground for dismissal of a petition to vacate a default order. In the instant case, the defendant has been barred from maintaining her Counterclaim against plaintiffs simply because she was not present at the pretrial conference. Yet the pretrial order did not require "the defendant" to be present at the pretrial conference—the order was directed to the plaintiffs, their attorney, defendant's attorney, and a representative of the insurance carrier. There was no discussion of the issues between court and counsel, but the court dismissed the Counterclaim because of the absence of the defendant. Whether the trial court reasoned that since defendant filed a Counterclaim to plaintiffs' Complaint, defendant then became "a plaintiff" and was properly ordered to appear, is not indicated in the record. Peggy Sutton's conduct here did not warrant such harsh action. "The dismissal of a party's cause of action is drastic punishment and should not be invoked except in those cases where the actions of the party show a deliberate and contumacious disregard

415

of the court's authority." Allegro v. Afton Village Corp., 9 NJ 156, 87 A2d 430 (1952).

Link v. Wabash R. Co., 370 US 626, 8 L Ed2d 734, 82 S Ct 1386 (1962), cited by plaintiffs, concerned dismissal of an action because of the failure of the litigant's attorney to appear at a scheduled pretrial conference. The attorney had due notice that his presence was required at the conference, yet he did not offer a reasonable excuse for his not appearing. The Link case and other cases cited by the plaintiffs concerned dismissals of a cause of action because parties who were requested to be present at pretrial conferences failed to appear, and therefore are distinguishable from the instant case.

We conclude the trial court abused its discretion in the dismissal of defendant's Counterclaim and the denial of defendant's Amended Petition to vacate and set aside the order of dismissal. For the reasons given, the order of the trial court entered on July 20, 1967, dismissing defendant's Counterclaim, the amended order entered July 27, 1967, and the order of September 5, 1967, denying defendant's Amended Petition to vacate the orders of July 20, 1967 and July 27, 1967, are reversed and the cause remanded with directions to vacate the dismissal order and reinstate the cause on the dockets of the Circuit Court of Cook County.

Judgment reversed and remanded with directions.

BURMAN, P. J. and MURPHY, J., concur.