Barbara Gillespie, Administratrix of the Estate of Mose Childers, Deceased, Plaintiff-Appellant, v. Norfolk and Western Railway Company, a Corporation, Defendant-Appellee.

Gen. No. 10,965.

Fourth District.

December 19, 1968.

White & White, of Sullivan (Robert M. White, of counsel), and Paul M. King, of Chicago, for appellant.

Samuels, Miller, Schroeder, Jackson & Sly, of Decatur (Carl R. Miller, of counsel), for appellee.

TRAPP, J.

Plaintiff appeals from the order of the trial court dismissing her action for wrongful death and entering judgment for costs against her.

The issue is presented upon the refusal of the trial court to vacate a default judgment which had been entered pursuant to the failure of plaintiff to answer interrogatories within the 28 days prescribed by Rule 213 of the Supreme Court.

The facts may be taken to be true either because they are matters of record, are agreed upon, or are asserted by affidavit and not controverted.

The complaint was filed December 2, 1966. Motion to strike was filed January 5, 1967. Plaintiff's interrogatories to defendant were filed January 5, 1967. Objections to these interrogatories were filed February 1, 1967. On February 10, 1967, the court struck paragraph 5(a) of the complaint, sustained objections to interrogatory 17 and limited interrogatory 25 to occurrence witnesses. Defendant's answer was filed March 10, 1967. Defendant's answers to the interrogatories of plaintiff were filed March 17, 1967, which would be late by reason of being more than 28 days subsequent to the order on the objections.

On April 12, 1967, defendant mailed interrogatories to plaintiff's attorneys. On May 11, 1967, defendant's attorney wrote plaintiff's attorneys that he had not received the answers due May 10, 1967. Again, on May 19, 1967,

defendant's attorney wrote plaintiff's attorneys that the answers were not received and added, "We hope you will not force us to ask the court to invoke sanctions." On May 23, 1967, plaintiff's attorneys wrote defendant's attorney: "The interrogatories are in the hands of plaintiff for signature, and we expect them back within a few days."

On May 29, 1967, defendant moved the court to dismiss plaintiff's complaint, "for the reason that plaintiff has refused to file answers to interrogatories propounded to the plaintiff by the defendant under Illinois Supreme Court Rule No. 213." The record does not show proof of service of this motion or the undated notice that the motion would be presented, but plaintiff's attorneys state that they received it after their letter of May 23, 1967, advising that the answers were forthcoming. Plaintiff's counsel filed an affidavit in opposition to the motion to dismiss on May 25, 1967, and included therein a copy of their letter to defendant's attorney that the answers were expected within a few days. The affidavit also asserted that defendant was not harmed by the delay. No counter-affidavit was filed.

The notice accompanying defendant's motion to dismiss employed only the language: ". . . the defendant will present the attached motion . . . May 29, 1967." Plaintiff's counsel did not appear at the time specified. Defendant's counsel presented its motion and notice, and the court made the following docket entry:

> "And this cause comes on to be heard by the Court on the motion to dismiss, and there being no appearance by plaintiff's counsel, and by plaintiff's failure to appear, said motion presumed confessed and it is ordered and adjudged by the Court that said complaint, be, and it is hereby dismissed at the costs of plaintiff.
>
> "It is therefore ordered and adjudged by the Court that the defendant, Norfolk and Western Railway

Company, a Corporation, do have and recover of and from the plaintiff, Barbara Gillespie, Administratrix of the Estate of Mose Childers, Deceased, its costs and charges herein expended and have execution therefor."

No written order provided by Rule 271 of the Supreme Court was presented. It does not appear how plaintiff was advised of the order of dismissal. However, on June 20, 1967, plaintiff filed a motion supported by affidavit to vacate the order of dismissal and reinstate the cause. On the same day plaintiff filed the answers to defendant's interrogatories.

Plaintiff's attorneys' subsequent affidavit filed in connection with a motion and a supplemental motion asserts that defendant failed to follow a procedure of placing the motion for setting on a request docket. This is not controverted, and such it is stated, led counsel to believe the motion would not be heard on the date in the notice. The language of the notice is not inconsistent with such practice. The statement that this was counsel's belief is not controverted, but defendant's brief asserts that plaintiff's counsel was incorrect in their belief.

On June 14, 1967, the motion to vacate was heard by a Judge other than the one who ordered default. He indicated that he found no reason to disturb the May 29, 1967, order. At the request of plaintiff's counsel the matter was redirected to the Judge who entered default. The latter declined to hear the motion, and it was decided by the Judge to whom presented.

In considering whether the circumstances here set forth justified the remedy of dismissing plaintiff's suit for wrongful death we are confronted, to say the least, with a situation which tests the outer limits of that discretion which is, of necessity, vested in the trial courts to compel compliance with the rules. While the facts in this case are quite dissimilar at least as to the com-

452

plexity of the subject matter of inquiry, nevertheless, we feel that certain principles set forth by the Supreme Court in People ex rel. General Motors Corp. v. Bua, 37 Ill 2d 180, 226 NE2d 6 (1967), afford us some light. In that case, 226 NE2d 6, at page 14, the Court, referring to the power of the trial court under Rule 17 to make any order that may be "just," took note of the multitudinous fact situations which preclude the advisability of greater particularity in the rule, and said:

"Nevertheless such a breadth of power requires a careful exercise of discretion in order to balance the needs of truth and excessive burden to the litigants."

Again, the Court, on page 16, approving the language of the California Court said:

"The sanctions the court may impose are such as are suitable and necessary to enable the party seeking discovery to obtain the objects of the discovery he seeks but the court may not impose sanctions which are designed not to accomplish the objects of discovery but to impose punishment."

■■■ In judging the policy to be followed in imposing sanctions, we think full consideration should be given to the exact language of Rule 219 (c), which states the situation calling for imposition of remedies listed in the following manner:

"If a party, . . . *unreasonably refuses* to comply with any provision of Rules 201 through 218, or fails to comply with any order entered under these rules, the court, on motion, may enter, in addition to remedies elsewhere specifically provided, such orders as are just, . . . ." (Emphasis supplied.)

Defendant's motion to dismiss is in the language: ". . . the plaintiff has refused to file answers to interroga-

tories . . ." under Rule 213. There is no allegation of fact regarding unreasonable refusal to answer, or that failure to answer was without substantial justification. The affidavit in support of the motion is limited to statements that plaintiff had not filed answers or objections to the interrogatories and that the time for filing such had expired, and that plaintiff had written two letters, copies of which were attached.

It is noted that written objections to the motion to dismiss containing a copy of a letter indicating that the answers to interrogatories were forthcoming, were on file at a time when a motion stating there had been refusal to comply was taken as confessed. At the time this motion to dismiss was allowed, there was no order to produce answers. The answers were nineteen days late, but only six days had passed since an explanation was given that the answers were forthcoming. No showing was made by the moving party of the importance of immediate compliance. There is no showing that the trial judge, who took the motion as confessed in the first instance, was advised of the written objections on file or of the written statement of intention to produce the answers. Some consideration might also be given to the fact that the plaintiff, and both attorneys for plaintiff, were not residents of the county seat. There is no circumstance to indicate that plaintiff, or plaintiff's attorneys, were either refusing to furnish answers to the interrogatories, or ignoring the request.

We have reviewed the cases cited by defendant in which the penalty imposed was dismissal of the complaint, or striking the answer. In Hawkins v. Potter, 44 Ill App2d 314, 194 NE2d 672, the court dismissed the complaint when plaintiff refused to obey a court order to answer interrogatories. In Chavez v. Elgin, J. & E. Ry. Co., 32 Ill App2d 68, 176 NE2d 664, plaintiff did not appear at a deposition, did not appear at a motion to dismiss and did not answer interrogatories for eight months, did not seek

454

a modification of the dismissal in thirty days, although the order was printed in the Chicago Daily Law Bulletin and stated in the petition under section 72 that the dismissal was for want of prosecution instead of the above failures to respond to discovery procedures. In Payne v. Payne, 31 Ill App2d 141, 175 NE2d 614, plaintiff failed to comply with court orders in respect to discovery procedures. In Sager Glove Corp. v. Continental Cas. Co., 19 Ill App2d 568, 154 NE2d 833, plaintiff's president failed to appear at deposition and failed to produce documents after appropriate court orders. In Stickler v. McCarthy, 64 Ill App2d 1, 212 NE2d 723, the defendant failed to produce documents after court order to produce. In Kocis v. Kocis, 47 Ill App2d 68, 197 NE2d 460, plaintiff failed to respond to court orders on discovery procedures. In Coutrakon v. Distenfield, 21 Ill App2d 146, 157 NE2d 555, the court found that defendant was a deliberate obstructionist to discovery procedures on deposition. Panion v. Checker Taxi Co., 53 Ill App2d 364, 202 NE2d 852, and Harris v. Oxford Metal Spinning Co., Inc., 315 Ill App 490, 43 NE2d 186, are abstract opinions which do not add to the analysis of the principle involved.

In summary, the cases cited all involve evidence of refusal to comply with discovery procedures or gross neglect in respect thereto, and nearly all involve disobedience or repeated disobedience of court orders. During oral argument, defendant's counsel advised that he did not know of any case wherein judgment in bar was entered prior to the obtaining of a court order for a compliance with the Rule.

We are not prepared to hold, as contended by the plaintiff, that only in the case of demonstrated refusal to comply with the rules or failure to obey a specific court order may a complaint be dismissed, for the reason stated by the Supreme Court in People ex rel. General Motors Corp. v. Bua, 37 Ill2d 180, 226 NE2d 6, that the multitudi-

nous variety of fact situations preclude the advisability of such finality.

However, in our judgment, there is evidence in this record of a reasonably prompt, though ineffective and inexpert attempt to demonstrate a willingness to comply with the rules regarding discovery which militates against the severe penalty of depriving plaintiff of all right to be heard on the merits of the case. In the light of the record we are of the opinion that some further effort to obtain compliance should have been made before imposing this severe penalty. Cf. Urso v. Reynolds Metal Co., 95 Ill App2d 251, 238 NE2d 271.

Judgments by default are not encouraged. Such judgments are based on a technique of procedure and should be subject to careful scrutiny. Lichter v. Scher, 11 Ill App2d 441, 138 NE2d 66; Westmoreland v. West, 19 Ill App2d 161, 153 NE2d 275. The court has other powers which are ample in most instances and make unnecessary the drastic action of judgment in bar. The entry of default should be employed as a last resort when necessary to enforce a just demand, but it should be set aside when it will not cause a hardship upon the parties to go to trial upon the merits. Widucus v. Southwestern Elec., 26 Ill App2d 102, 167 NE2d 799; Ryan v. Monson, 47 Ill App2d 220, 197 NE2d 265. The many sanctions suggested in Rule 219 emphasize a variety of flexible methods by which courts may insure both discovery and trial on the merits.

It is ordered that the judgment of dismissal of plaintiff's complaint be reversed and the cause remanded, with directions to set aside the judgment of dismissal and enter an order reinstating such complaint.

Reversed and remanded.

SMITH and CRAVEN, JJ., concur.