HUBERT BERGIN, Plaintiff-Appellant, *v.* RUSSELL ASHFORD, Defendant-Appellee—(AETNA INSURANCE COMPANY *et al.,* Intervenors-Appellees.)

(No. 69-158; )

Fifth District—November 20, 1970.

William E. Aulgur, of Eldorado, for appellant.

Harris & Lambert, of Marion, for appellee.

Fowler & Novick, of Marion, and Twente & Jelliffe, of Harrisburg, for Intervenors-appellees.

Mr. PRESIDING JUSTICE MORAN delivered the opinion of the court:

Appellant, Hubert Bergin, appeals from the denial of his motion to vacate an order of the trial court dismissing his complaint pursuant to Supreme Court Rule 219 Ill. Rev. Stat., 1967, ch. 110A, par. 219.

On February 3, 1967 appellant filed this action against the defendant-appellee Russell Ashford to recover for personal injuries sustained by him when he fell or was thrown from a horse owned by Ashford. His original complaint alleged that at the time of the occurrence he was Ashford's employee. A question of insurance coverage caused Aetna Insurance Company to file a motion to intervene in the present action and to stay these proceedings pending resolution of that question. Aetna Insurance Company thereafter filed an action for declaratory judgment that the occurrence in question was not covered by the policy issued by Aetna, naming as defendants Russell Ashford, Hubert Bergin and New Amsterdam Casualty Company. In the declaratory judgment action Hubert Bergin entered his appearance and filed his answer to the complaint. He then filed an amended complaint in the present action alleging that he was a guest at the time of the occurrence and this suit was again stayed. On December 11, 1967 it was agreed by the attorneys for all the parties in the declaratory judgment action and confirmed by letter that Hubert Bergin and Russell Ashford would appear for discovery depositions on December 15, 1967 at the office of the attorney for Russell Ashford. On the day before the scheduled deposition, the attorney for Hubert Bergin telephoned the attorney for Aetna advising that the depositions would have to be cancelled because he was unable to locate his client. On March 21, 1968 Aetna served notice on the attorney for appellant that his discovery deposition would be taken at the court house on March 29, 1968. On the day before the scheduled deposition, the attorney for Bergin telephoned the attorney for Aetna and asked whether he knew the whereabouts of Bergin. Aetna's attorney denied knowing where Bergin was. Appellees suggest that the attorney for Bergin did not attempt to cancel the deposition for March 29 because he still had hopes of locating his client by that time. However, an affidavit by appellant's counsel in support of his motion to vacate states that he advised appellees' attorneys that the situation with regard to the whereabouts of his client had not changed and he would be unable to produce his client at the time and place requested. He also suggested that there was no necessity for bringing a court reporter since his client would not be present. On March 29 appellant's attorney appeared at the deposition but appellant did not. It appears that his deposition was to be taken to determine whether he was an employee or guest for the purpose of determining the insurance coverage question.

On April 8, 1968 appellees filed a motion to dismiss appellant's personal injury suit with prejudice which was granted on August 23, 1968. On September 20, 1968 plaintiff filed a motion to vacate the order dismissing his complaint, alleging that appellant's attorney had notified appellees'

attorneys that appellant could not be located for purposes of either of the scheduled depositions and that appellant had been in a condition of mental illness since the commencement of this suit. In support of this motion appellant's attorney attached his affidavit that he had made attempts through appellant's relatives to locate appellant but was unable to do so, and that he had properly cancelled the first deposition scheduled for December and in March had notified appellees' attorneys that he was still unable to locate appellant prior to the time of the second deposition. Appellant also attached the affidavit of Joan Maxfield, appellant's daughter, which stated that she was well acquainted with the mental and physical condition of appellant; that he has visited her in her home at various times since the commencement of this suit and that she is of the opinion that he is mentally ill and has been mentally ill at all times since this suit has been filed; that he was a patient at the Alton State Hospital from June 11, 1968 until June 26, 1968 and that he was committed to the Anna State Hospital on September 20, 1968 upon a physician's certificate. No counter-affidavits were filed by appellees. The motion to vacate the order of dismissal was heard and denied on August 7, 1969. At the time of the hearing on appellant's motion there was no showing as to the present whereabouts of appellant, nor was any offer made to present him for deposition.

The only issue we decide is whether the trial court improperly exercised its discretion in dismissing appellant's personal injury suit under these circumstances. Supreme Court Rule 219 provides for sanctions to be imposed when a party "unreasonably refuses" to comply with discovery procedures, including dismissal of the offending party's suit. With respect to this section our Supreme Court quoted the following language with approval in *People ex rel. General Motors Corp., v. Bua*, 37 Ill.2d 180 at 196:

"The sanctions the court may impose are such as are suitable and necessary to enable the party seeking discovery to obtain the objects of the discovery he seeks, but the court may not impose sanctions which are designed not to accomplish the objects of the discovery but to impose punishment."

That court went on to say:

"We believe that (Supreme Court Rule 219(c)) must be interpreted as authorizing pleadings to be stricken only when the stricken pleadings bear some reasonable relationship to the information withheld." *Id.* 197.

It is clear that appellant's deposition was to be taken for the purpose of resolving the declaratory judgment action filed by Aetna and not with regard to appellant's personal injury suit which was dismissed. No

case has been cited, and we find none, in which a sanction was imposed on a party in one case for his failure to comply with discovery procedures in another.

We believe that the dismissal of appellant's personal injury suit for failure to comply with discovery procedures in the action for declaratory judgment was not designed to further the objectives of discovery in that action and the dismissal of appellant's action was an abuse of discretion.

■■ However, assuming it were appropriate under the circumstances for the trial court to impose a sanction, we do not believe that the conduct of appellant in failing to appear at the second deposition was such an unreasonable refusal to comply with the discovery rules within the meaning of Supreme Court Rule 219(c) as to justify a dismissal of his complaint. It has been stated that "the dismissal of a party's cause of action is drastic punishment and should not be invoked except in those cases where the actions of the party show a deliberate and contumacious disregard of the court's authority." *Booth v. Sutton*, 100 Ill.App.2d 410.

■■ It was necessary to continue one deposition and, at worst, appellant failed to appear at the second. On this record it is difficult to tell whether adequate notice of the appellant's absence was given to the other attorneys in this case; but the facts alleged in appellant's motion to vacate the order dismissing his complaint were not rebutted and must be taken to be true for purposes of this appeal. These facts do not demonstrate a persistent failure or unreasonable refusal to comply with discovery rules or any order of the trial court, and this case is thus distinguishable from those cases cited by appellees upholding similar severe sanctions wherein there was evidence of refusal to comply with or gross neglect in respect to discovery procedures or disobedience or repeated disobedience of court orders. In light of this record we feel that some further effort should have been made in accordance with Supreme Court Rule 219 to obtain compliance with discovery procedures before imposing this severe sanction. See *Gillespie v. Norfolk & Western Railway Co.*, 103 Ill.App.2d 449.

■■ Therefore, the order of the trial court is reversed and this cause is remanded to the trial court with directions to set aside the judgment of dismissal and to enter an order re-instating appellant's complaint.

Reversed and remanded.

EBERSPACHER and GOLDENHERSH, JJ., concur.