Roy Bower, Plaintiff-Appellant, *v.* Chicago Transit Authority *et al.,* Defendants-Appellees.

(No. 55757;

First District—April 11, 1972.

Sidney S. Altman, of Chicago, for appellant.

James G. O'Donohue, O. R. Hamlink, and Joseph J. Stevens, all of Chicago, for appellees.

Mr. PRESIDING JUSTICE STAMOS delivered the opinion of the court:

This is an appeal from an order allowing defendant's motion to strike plaintiff's complaint and to dismiss his suit for failure to comply with the Rules of the Supreme Court regulating deposition practice.

On May 17, 1968 plaintiff filed a complaint seeking damages for personal injuries allegedly incurred while he was a passenger on a C.T.A. bus. Defendant answered on May 31, 1968, denying the material allegations of the complaint. On October 21, 1970 defendant served notice upon the attorney for plaintiff, requesting the appearance of plaintiff for a discovery deposition at 3:00 P.M. on November 3, 1970. A copy of court approved interrogatories was also served upon plaintiff's attorney, which were to be answered within 30 days. On November 19, 1970 defendant filed a motion to strike plaintiff's complaint and to dismiss his suit for failure to appear at the deposition. Also on November 19th, plaintiff's attorney filed an Answer to the motion, alleging that defendant had been notified prior to November 3rd of plaintiff's unavailability and seeking a continuance for the purpose of locating plaintiff. The Answer also alleged that plaintiff had moved from his last known address and was no longer employed by the National Lead Company and that plaintiff's counsel suspected his client was temporarily in the South. Defendant's motion was allowed. Plaintiff appears from the order striking his complaint and dismissing his suit.

*OPINION*

● 1, 2 Supreme Court Rule 219[1] provides, in pertinent part:

"(c) *Failure to Comply with Order or Rules.* If a party, or any person at the instance of or in collusion with a party, unreasonably refuses to comply with any provision of rules 201 through 218, or fails to comply with any order entered under these rules, the court, on motion, may enter, in addition to remedies elsewhere specifically provided, such orders as are just, including, among others, the following:

\* \* \*

(V) that, as to claims or defenses asserted in any pleading to which that issue is material, a judgment by default be entered against the offending party or that his suit be dismissed with or without prejudice; or

(VI) that any portion of his pleadings relating to that issue be stricken and, if thereby made appropriate, judgment be entered as to that issue."

To justify the trial court's dismissal under Rule 219(c), plaintiff's con-

---

[1] Ill. Rev. Stat. 1969, ch. 110A, par. 219.

duct must have constituted an "unreasonable refus[al] to comply with other Rules." Defendant does not contend that there has been noncompliance with a court order. He relies solely on plaintiff's failure to comply with Supreme Court Rule 204,[2] which requires a party to appear for deposition after receiving proper notice. Our review of the record reveals that plaintiff's sole act of non-compliance was his failure to appear at a deposition for which two weeks notice had been given to his attorney. Plaintiff's attorney claimed to have duly notified defendant that his client was unavailable. He also represented to the court that a reasonable continuance might facilitate the production of his client. We believe this non-compliance was less offensive than the conduct considered in *Gillespie v. Norfolk & Western Ry. Co.*, 103 Ill.App.2d 449, 456, 243 N.E.2d 27. The *Gillespie* court reversed an order similar to that at bar, holding that "some further effort to obtain compliance should have been made before imposing this severe penalty." We echo that admonition.

It is ordered that the judgment striking plaintiff's complaint and dismissing his suit be reversed and the cause remanded with directions to set aside that judgment and to enter an order reinstating plaintiff's complaint.

Reversed and remanded with directions.

SCHWARTZ and LEIGHTON, JJ., concur.

---

[2] Ill. Rev. Stat. 1969, ch. 110A, par. 204.