Harold Johnson, a Minor, by Eula Johnson, His Mother and Next Friend *et al.,* Plaintiffs-Appellees, *v.* Chicago & Western Indiana Railroad Company *et al.,* Defendants—(The Department of Public Aid, Intervenor-Appellant.)

(No. 56911; ▮▮▮▮▮▮▮▮▮▮▮

First District (1st Division)—May 7, 1973.

William J. Scott, Attorney General, of Chicago, (Warren K. Smoot and John D. Whitenack, Assistant Attorneys General, of counsel,) for appellant.

Richard G. Finn and Thomas R. Challos, Jr., both of Finn and LeSueur, of Chicago, for appellees.

William P. Tuggle, of Chicago, *amicus curiae*.

Mr. JUSTICE GOLDBERG delivered the opinion of the court:

Harold Johnson, a minor (plaintiff), acting by his mother, brought suit for personal injuries against Chicago & Western Indiana Railroad Company. The parties settled their claim for $74,000 which was in the process of distribution by order of the circuit court. The Illinois Department of Public Aid (petitioner), acting by the Attorney General of Illinois, served notice upon the parties of its claim to reimbursement for sums advanced by it to Cook County Hospital in behalf of plaintiff. With leave of court, petitioner filed an intervening petition claiming $12,226.14 for advances to the hospital for services rendered to plaintiff from May 23, 1967 through August 12, 1971. In due course, the circuit court entered an order reducing the claim to $4,680. Petitioner appeals.

No testimony was taken or evidence received by the trial court. Examination of the record shows that pursuant to notice duly served upon counsel for petitioner, on June 23, 1971, the trial court entered an order directing plaintiff to file his petition to adjudicate the liens herein within five days and directing all respondents to file their answer thereto within five days thereafter. Plaintiff filed his petition within the time designated and served written notice of the filing thereof upon all attorneys of record. The petition alleged that Cook County Hospital and the Illinois and Cook County Departments of Public Aid claimed total liens of $20,740.69 for hospital services rendered to the minor. The petition also stated that the charges were excessive and unreasonable and were calculated by an unfair method. The petition further alleged that a part of the treatment given to plaintiff was in the nature of medical experiments performed upon him. Plaintiff prayed that the court adjudicate and substantially reduce the charges made.

No answer to this pleading was filed by petitioner. On July 1, 1971, Cook County Hospital filed an answer thereto. On August 12, 1971, the court entered an order upon plaintiff's motion. This order recited the previous order of June 23, 1971 directing plaintiff to file his petition to adjudicate the liens within five days and directing the filing of answers thereto within five days thereafter. The order also recited that plaintiff's pleading was timely filed; Cook County Hospital filed its answer on July 1, 1971, but, "* * * that to date no answers or responsive pleadings have been filed for and on behalf of the Illinois Department of Public Aid and the Cook County Department of Public Aid." The court accordingly found that these respondents were in default. The court also found that the lien filed by Cook County Hospital was previously adjudicated and that the claim filed by petitioner was in the total sum of $12,226.14 but the fair and reasonable charge for the services rendered plaintiff was $4680. Accordingly, the court ordered that petitioner was adjudged in default for failure to plead to plaintiff's petition for adjudication of liens and its claim was adjudicated and reduced to $4680.

On September 10, 1971, petitioner filed a petition to vacate this default order. It alleged in substance that the reduction of its lien to approximately 38% thereof was an abuse of discretion; the claim was meritorious and the charges properly computed. Petitioner prayed vacation of the default and allowance of its claim in full.

Plaintiff responded by a motion to strike and dismiss. This pleading set out that no answer had been filed to plaintiff's petition for adjudication and that the order of August 10, 1971 (actually entered as of August 12, 1971) was entered pursuant to written notice duly served

upon petitioner by its counsel of record. The motion further averred that the petition to vacate the order set forth no excuse and no sufficient legal grounds but only conclusions.

On September 29, 1971, petitioner filed a lengthy memorandum in opposition to plaintiff's motion to strike and dismiss. This document averred that there was no legal requirement that petitioner file an answer to the petition for adjudication of liens and that no answer was filed because an agreement between counsel had been reached adjudicating the lien of Cook County Hospital on the basis of 82% of the total claim and counsel for petitioner had "assumed" that its lien would be adjudicated upon the same basis. This document also pointed out the power of the court to vacate a default within 30 days and that plaintiff was in default for failing to answer the intervening petition for adjudication of lien originally filed by petitioner in accordance with an order of court requiring such answer within ten days.

On October 19, 1971, plaintiff filed a lengthy written memorandum in opposition to this memorandum. This document stressed the failure of petitioner to file its responsive pleading and the alleged lack of excuse for failure to do so. Plaintiff also urged that the court had power to require such an answer to be filed; no question of estoppel was presented by the record; no settlement was ever negotiated between plaintiff and the Attorney General of Illinois; the petition to vacate was defective because it failed to show diligence and that plaintiff was not in default. On October 19, 1971, the trial court entered a final order denying the petition to vacate and this appeal by petitioner followed.

In the briefs filed in this court, petitioner contends that the trial court abused its discretion in denying the petition to vacate the order filed within 30 days and abused its discretion by the disparity in proportionate amounts between the claims of petitioner and that of the Cook County Hospital itself. It is further contended that the court had no constitutional right to reduce the claim of petitioner where funds were sufficient to make payment thereof. Plaintiff contends that the trial court acted properly in denying the petition to vacate because petitioner failed to show due diligence or the existence of a meritorious defense. Plaintiff further contends that the court had full authority under the Illinois Constitutions of 1870 and 1970 to adjudicate the claim of petitioner and to determine what portion thereof should be paid.

■■■ Under the view we take of the legal issues here presented, we need not pass upon most of the contentions raised. This motion to vacate the default order was made under the provisions of section 50(5) of the Civil Practice Act which is totally different from a similar motion made under section 72 of the same statute. (Ill. Rev. Stat. 1971, ch. 110, pars.

50(5) and 72.) In the case at bar, the filing of the petition within 30 days is sufficient evidence of diligence by petitioner. Also, within the 30 day period after entry of the order, the court had full power to vacate the default merely upon the showing of "good cause." See *McCleod v. McCleod*, 133 Ill.App.2d 111, 272 N.E.2d 834, 836.

However, *McCleod*, and virtually all of the cases cited in the briefs of both parties on the question of vacating the default order, are concerned with situations in which a party fails to appear and the default judgment is entered *ex parte*. On the contrary, in the case at bar, the default order was entered because of the failure of petitioner to answer the petition of plaintiff for adjudication of the hospital liens within five days as directed by the previous order of the court entered June 23, 1971. The court heard no evidence on the merits of the adjudication of the liens. The order entered August 12, 1971 defaulting petitioner and reducing the amount of its claimed lien recites only that the court heard arguments of counsel. In other words, petitioner was defaulted and deprived of a hearing on the factual and legal aspects of the case as a sanction or punishment because of its failure to comply with the order of court requiring the filing of an answer.

■■ The matter of the type of sanctions to be imposed by trial courts is most commonly considered in connection with the Supreme Court rules pertaining to discovery. (See Supreme Court Rule 219, 50 Ill.2d R. 219.) Perhaps the most frequently cited case in a situation of this type is *Gillespie v. Norfolk & W. Ry. Co.*, 103 Ill.App.2d 449, 243 N.E.2d 27. Note the citation of this authority in the recent case of *Bower v. Chicago Transit Authority*, 4 Ill.App.3d 1021, 283 N.E.2d 250. The following language from *Gillespie* seems decisive of the situation presented by the record at bar (103 Ill.App.2d at 456):

> "Judgments by default are not encouraged. Such judgments are based on a technique of procedure and should be subject to careful scrutiny. *Lichter v. Scher*, 11 Ill.App.2d 441, 138 N.E.2d 66; *Westmoreland v. West*, 19 Ill.App.2d 161, 153 N.E.2d 275. The court has other powers which are ample in most instances and make unnecessary the drastic action of judgment in bar. The entry of default should be employed as a last resort when necessary to enforce a just demand, but it should be set aside when it will not cause a hardship upon the parties to go to trial upon the merits. *Widucus v. Southwestern Elec.*, 26 Ill.App.2d 102, 167 N.E.2d 799; *Ryan v. Monson*, 47 Ill.App.2d 220, 197 N.E.2d 265. The many sanctions suggested in Rule 219 emphasize a variety of flexible methods by which courts may insure both discovery and trial on the merits."

■■ In later cases, both of which cite *Gillespie*, this court has used even

stronger language. In *Schwartz v. Moats*, 3 Ill.App.3d 596, 599, 277 N.E. 2d 529, and *Bergin v. Ashford*, 130 Ill.App.2d 835, 838, 264 N.E.2d 266, this court cited other authorities which support the statement that dismissal of a cause of action, a defense or counterclaim is "drastic punishment" to be imposed upon a litigant and should not be done except in cases of deliberate, unwarranted or contumacious disregard of the court's authority. See also *Bishop v. Canal-Randolph Corp.*, 10 Ill.App.3d 997, 295 N.E.2d 587.

■■ These principles apply to the case at bar. As appears from the briefs of both parties, important factual and legal issues, even perhaps an issue concerning the constitutionality of a statute, were involved in the hearing before the trial court. Agencies of the State of Illinois and a minor child were interested parties. Under these circumstances, the trial court should not have invoked the extreme sanction of default but should have used other methods for obtaining the filing of an answer by the Attorney General. This would have enabled all of the parties to have their day in court and to present such factual matters as they thought necessary, together with arguments of law. The trial court should not have proceeded to decide issues such as those here involved without the pleadings of both parties before it.

Because of the lack of proper pleadings and proceedings in the circuit court, we must refrain from deciding any of the remaining issues presented by this record. The order appealed from entered August 12, 1971, is accordingly reversed and the cause is remanded to the trial court with directions that all parties be required to file adequate pleadings and that the court then proceed to hear evidence and legal arguments, as required, in connection with adjudication of the lien claimed by petitioner.

Reversed and remanded with directions.

BURKE, P. J., and EGAN, J., concur.