JOAN G. LUNDREGAN, Plaintiff-Appellant, *v.* STANLEY ZIDEL, Defendant-Appellee.

First District (4th Division)    No. 76-746

Opinion filed August 4, 1977.—Rehearing denied September 6, 1977.

James J. Reagan, of Northbrook, for appellant.

T. Ronald Herbert and Richard J. Owens, both of Herbert, Owens & Kane, of Chicago, for appellee.

Mr. PRESIDING JUSTICE DIERINGER delivered the opinion of the court:

This is an appeal from the circuit court of Cook County. The trial court dismissed the case under Rule 219(c) of the Illinois Supreme Court, on the motion of the defendant, Stanley Zidel. Plaintiff then filed this appeal.

The only issue we need consider on review is whether or not the trial court erred in dismissing the plaintiff's complaint because the plaintiff had unreasonably refused to comply with a discovery order.

The facts of the case are the plaintiff filed suit against the defendant for monetary damages for breach of a contract of marriage. The case was continued a number of times by agreement of both parties. The defendant obtained a court order on October 3, 1975, which ordered the plaintiff to appear on October 10, 1975, for a deposition. On October 9, 1975, the secretary for the plaintiff's attorney called the defendant's attorney and asked that the deposition be put over until October 14, 1975, as the attorney for the plaintiff was ill. Defendant's counsel refused and filed a motion to dismiss the complaint under Supreme Court Rule 219(c). The court granted the motion to dismiss. Plaintiff then appealed the ruling of the trial court.

Supreme Court Rule 219(c), provides, in pertinent part:

"If a party, or any person at the instance of or in collusion with a party, unreasonably refuses to comply with any provision of Rules 201 through 218, or fails to comply with any order entered under these rules, the court, on motion, may enter, in addition to remedies elsewhere specifically provided, such orders as are just, including, among others, the following:

* * *

(v) that, as to claims or defenses asserted in any pleading to which that issue is material, a judgment by default be entered against the offending party or that his suit be dismissed with or without prejudice; * * *." Ill. Rev. Stat. 1975, ch. 110A, par. 219.

In the instant case, the trial court ordered the plaintiff to give her deposition on a date certain and set the trial date one week later after a number of continuances by agreement. The failure of plaintiff to appear was due to the illness of her attorney and counsel for the defendant was notified of the illness a day ahead of time, all the notice the attorney for plaintiff could reasonably give. We feel this does not constitute an unreasonable refusal to comply with the rules of discovery. As this court said in *Bower v. Chicago Transit Authority* (1972), 4 Ill. App. 3d 1021, 1023:

"We believe this non-compliance was less offensive than the conduct considered in *Gillespie v. Norfolk & Western Ry. Co.*, 103 Ill. App. 2d 449, 456, 243 N.E.2d 27. The *Gillespie* court reversed an order similar to that at bar, holding that 'some further effort to obtain compliance should have been made before imposing this severe penalty.' We echo that admonition."

In the case at bar we feel the trial court could have imposed some other sanction if it felt any sanction at all was necessary. All the parties to a lawsuit are entitled to their day in court.

Accordingly, for the reasons contained herein, the order dismissing the plaintiff's suit is reversed and the cause is remanded to the trial court for further proceedings not inconsistent with this opinion.

Reversed and remanded.

LINN and JOHNSON, JJ., concur.