EVELYN TREADWELL, Plaintiff-Appellant, *v.* DR. JOHN CHIAKMAKIS, Defendant-Appellee.

First District (4th Division)    No. 76-1476

Opinion filed June 8, 1978.

Heller & Morris and Schwartzberg, Barnett & Cohen, both of Chicago (Benjamin H. Cohen, of counsel), for appellant.

Bernard E. Epton and Russell S. Barone, both of Chicago, for appellee.

Mr. JUSTICE LINN delivered the opinion of the court:

Plaintiff, Evelyn Treadwell, brought a malpractice action against defendant, Dr. John Chiakmakis. Plaintiff contends she suffered disability by virtue of the negligence of the defendant in his care and treatment of her. The trial court entered summary judgment in favor of the defendant.

From that order the plaintiff now appeals.

We reverse the summary judgment entered by the trial court.

Plaintiff's complaint alleged that in May of 1971, defendant, a duly licensed podiatrist, performed surgery upon her for the treatment of a hammer toe condition. The surgical procedures performed were described as bilateral bunionectomies with arthroplasties of the lesser digits.[1] It was also alleged in plaintiff's complaint that approximately 1½ years after the operation plaintiff discovered that the toes upon which defendant had performed surgery were elongated, that she could not move them, and that as a result of that condition she experienced great pain and discomfort.

The record further discloses that, on January 16, 1973, plaintiff visited another physician, Dr. Garry Isenstadt, for treatment. In a written report, Dr. Isenstadt diagnosed plaintiff's state as an "overcorrection" of the hammer toe condition. He noted in his report that plans were being made to perform "corrective" surgery. In April of 1973, this surgery was performed by Dr. Isenstadt. Plaintiff alleges that the subsequent surgery did not correct the alleged injury caused by defendant. Plaintiff's complaint charged that she had suffered a permanent disability because defendant allegedly conducted the surgery negligently and failed to render proper postoperative care. Defendant denied these allegations in his answer to the complaint.

On May 11, 1976, the trial court entered an order scheduling a pretrial conference for May 25, 1976, and directed that discovery be completed by that date. At the pretrial conference it was disclosed that although plaintiff had completed answers to defendant's supplementary interrogatories on May 10, 1976, these answers had not been filed with the court or provided to defense counsel. The trial court thereupon ordered plaintiff to file her answers with the court within seven days and further ordered that the pretrial conference be continued to June 14, 1976.

Plaintiff complied with this order. In response to defendant's inquiry for the names of "all experts and/or treating or consulting doctors who would testify for the plaintiff at trial," plaintiff provided the names of Dr. Garry Isenstadt and Dr. Jerome Frankel. Previously, in an answer to defendant's earlier interrogatories, these doctors had been named by plaintiff as her treating physicians.

Without notice to plaintiff's counsel, defendant's counsel contacted both of these physicians by telephone purportedly for the purpose of arranging to take their depositions. As a result of these conversations, defendant's counsel produced signed statements by Dr. Isenstadt and Dr.

---

[1] Counsel for both parties agreed during oral argument that expert testimony would be required in this case to explain the nature of these procedures and to testify as to the issues of standards of treatment, care and related matters.

Frankel indicating that they had never agreed to serve as experts for anyone in the instant case, that they had never discussed the case with plaintiff's attorneys, that they knew nothing about previous treatment rendered to plaintiff other than the fact that there was prior surgery, and that they had no opinion with regard to the propriety of the prior surgery or with regard to any alleged malpractice.

On June 20, 1976, defendant filed a motion for summary judgment. He argued that since Drs. Isenstadt and Frankel, plaintiff's purported expert witnesses, had denied that they had agreed to be expert witnesses and stated that they held no opinion regarding the defendant's actions, plaintiff would be unable to produce evidence of defendant's alleged negligence through expert testimony and thus would be unable to present her case at the time of trial.

In plaintiff's answer to the motion for summary judgment, it was stated the "[p]laintiff will furnish at the trial of this cause sufficient proof to establish liability of the defendant under the rules of evidence and under the laws of the state of Illinois." Plaintiff requested that the court rescind its order closing discovery to permit the plaintiff an opportunity to rehabilitate Drs. Isenstadt and Frankel as experts to testify on her behalf or to show the availability of other expert testimony. The trial court refused this request and granted defendant's motion for summary judgment.

Opinion

■■■ Rule 219 of the Illinois Supreme Court Rules, governing pretrial procedures, provides:

"If a party * * * unreasonably refuses to comply with any provision of Rules 201 through 218, or fails to comply with any order entered under these rules, the court * * * may enter, in addition to remedies elsewhere specifically provided, such orders as are just* * *." (Ill. Rev. Stat. 1975, ch. 110A, par. 219(c).)

Under this rule the trial court has broad discretion in the conduct of pretrial discovery procedures and such discretion includes the imposition of reasonable sanctions against parties guilty of dilatory practice. (*Savitch v. Allman* (1975), 25 Ill. App. 3d 864, 323 N.E.2d 435.) The Illinois Supreme Court has recognized that such breadth of power requires careful exercise of discretion in order to balance the needs of truth and the imposition of an excessive burden to litigants. (*People ex rel. General Motors Corp. v. Bua* (1967), 37 Ill. 2d 180, 226 N.E.2d 6.) However, a reviewing court will not interfere with the exercise of such discretion unless the discretion has been clearly abused. *Booth v. Sutton* (1968), 100 Ill. App. 2d 410, 241 N.E.2d 488.

Despite this allowance for broad judicial discretion, courts have been understandingly lenient with and sympathetic to plaintiffs who have been deprived of their day in court, absent some showing of a deliberate and contumacious disregard of the rules or of the court's order. (*Savitch v. Allman* (1975), 25 Ill. App. 3d 864, 323 N.E.2d 435.) It has been held that in those situations where a party has not exhibited such a disregard, it is an abuse of discretion to deny the plaintiff a hearing on the merits of his claim. *Bergin v. Ashford* (1970), 130 Ill. App. 2d 835, 264 N.E.2d 266; *Gillespie v. Norfolk & Western Ry. Co.* (1968), 103 Ill. App. 2d 449, 243 N.E.2d 27.

In *Bergin v. Ashford* (1970), 130 Ill. App. 2d 835, 264 N.E.2d 266, it was held that the trial court abused its discretion where it had dismissed the plaintiff's personal injury suit for failure to comply with discovery procedures. There, the plaintiff had failed to appear at two depositions that had been arranged by defendant's counsel. Citing *People ex rel. General Motors Corp. v. Bua* (1967), 37 Ill. 2d 180, 226 N.E.2d 6, the court ruled that although Rule 219 provides for sanctions to be imposed when a party unreasonably refuses to comply with discovery procedures, " 'the court may not impose sanctions which are designed not to accomplish the objects of the discovery but to impose punishment.' " 130 Ill. App. 2d 835, 837, 264 N.E.2d 266, 268.

The plaintiff's failure to comply with the discovery procedures in *Bergin* was held not to demonstrate "a persistent failure or unreasonable refusal to comply with discovery rules or any order of the trial court." (130 Ill. App. 2d 835, 838, 264 N.E.2d 266, 269.) Therefore, the court concluded that the plaintiff's conduct did not constitute such a disregard of the rules as to require a dismissal of his suit.

Similarly, in this case, plaintiff's apparent failure to have expert witnesses readily available at the time the court ordered that discovery be closed did not constitute such a deliberate or contumacious act as to warrant a denial of a hearing on the merits.

Plaintiff's counsel stated in his affidavit accompanying the answer to the motion for summary judgment that prior to June 14, 1976, Dr. Isenstadt had agreed to testify with respect to the contents of his diagnostic report concerning the plaintiff. That report stated "corrective" surgery was needed to treat plaintiff. Plaintiff's counsel also stated in his affidavit that Dr. Isenstadt had agreed to testify as to his observation of plaintiff's condition and why the subsequent surgery was necessary. Dr. Frankel had also agreed with plaintiff's counsel, prior to June 14, 1976, to testify as to the facts which he knew and he requested that all medical reports be furnished him.

Since the record discloses that prior to the date which had been set for closing discovery, plaintiff's counsel had arranged for Drs. Isenstadt and

Frankel to testify at trial regarding plaintiff's condition, it is clear that there has been no showing of a persistent failure or unreasonable refusal to comply with the court's order. Rather, it is evident that plaintiff's attorney had made every reasonable attempt to complete discovery by the date set by the trial court. Plaintiff's actions cannot be characterized as a deliberate and contumacious disregard of the rules or of a court order warranting a denial of a hearing on the merits of the plaintiff's claim.

In *Gillespie v. Norfolk & Western Ry. Co.* (1968), 103 Ill. App. 2d 449, 243 N.E.2d 27, the trial court's dismissal of the plaintiff's suit for failure to answer the defendant's interrogatories was also reversed when the court found there was evidence of an attempt to comply with the rules regarding discovery. There the court held that in light of that good faith attempt, further effort to obtain compliance should have been made before imposing so severe a penalty. The court also observed that all the decisions affirming dismissal of a complaint under Rule 219 have involved evidence of a refusal to comply with discovery procedures or gross negligence in respect thereto. Nearly all involved disobedience or repeated disobedience of court orders. 103 Ill. App. 2d 449, 455, 243 N.E.2d 27, 31.

■■ In the instant case plaintiff did not deliberately refuse to comply with discovery procedures and apparently was surprised by her witnesses' sudden unwillingness to testify. We do not believe that the trial court's refusal to reopen discovery in order to allow the plaintiff to restore the availability of expert testimony was a proper sanction in this case. Often a witness is found during trial and the court may allow his testimony by giving the opponent an opportunity to take his deposition even during trial. We are keenly aware of the trial court's apparent concern and desire to foster a prompt disposition of this case. Nevertheless, we believe that in the instant proceedings, the trial court should have allowed discovery to be reopened. Accordingly, summary judgment was improperly granted.

For the foregoing reasons the trial court's order for summary judgment is reversed and the cause is remanded for further proceedings consistent with this decision.

Reversed and remanded.

DIERINGER and ROMITI, JJ., concur.