ALVANO VALDIVIA, Plaintiff-Appellant, *v.* THE CHICAGO AND NORTH WESTERN TRANSPORTATION COMPANY *et al.*, Defendants-Appellees.

First District (1st Division)    No. 79-2066

Opinion filed August 25, 1980.

John J. Lowery, of Chicago, for appellant.

Leonard S. Goslawski and Paul V. Esposito, both of Lewis, Overbeck & Furman, of Chicago, for appellees.

Mr. JUSTICE O'CONNOR delivered the opinion of the court:

Plaintiff, Alvano Valdivia was injured in a fall while sandblasting a railroad overpass structure. On July 28, 1977, he filed a multicount complaint against numerous corporations including The Baltimore and Ohio Railroad Company and The Baltimore and Ohio Chicago Terminal Railroad Company (B&O), Portable Tool Sale and Service, Inc. and Portable Equipment Company, Inc. (Portable), City of Chicago and Albin Carlson and Company.

On August 25, 1977, Portable filed interrogatories and noticed plaintiff's deposition for June 16, 1978. Subsequently on September 6, 1977, B&O noticed plaintiff's deposition and filed interrogatories. Plaintiff, on May 15, 1978, after Portable's motion to dismiss for failure to answer interrogatories had been filed, answered Portable's interrogatories. Plaintiff failed to answer B&O's interrogatories which did not duplicate Portable's.

On April 30, 1979, Portable moved to dismiss plaintiff's complaint for his wilful failure to appear at discovery depositions on six different occasions in June, August, October and December, 1978 and February and April, 1979. At the hearing on the motion on that date, the court gave plaintiff's counsel the option either to dismiss plaintiff's complaint and refile it within one year or to produce plaintiff on or before a date picked by plaintiff's counsel. Counsel selected the second option and picked July 1, 1979, as the cut-off date for the deposition. The trial court stated that if

plaintiff did not appear by the cut-off date, he would, on motion, dismiss plaintiff's complaint with prejudice.

By agreement, plaintiff's deposition was scheduled for June 20, 1979. On that date counsel for B&O and other defendants, a court reporter and a translator appeared at the office of Portable's counsel for the deposition. Neither plaintiff nor his counsel appeared. Plaintiff's counsel was called at his office. He stated that plaintiff did not appear for the deposition and that he, counsel, would not come to Portable's office. Plaintiff did not appear for a deposition at any time on or before July 1, 1979.

On July 16, 1979, B&O, City of Chicago and Albin Carlson and Company moved to dismiss plaintiff's complaint with prejudice. Plaintiff filed no written response or an affidavit, nor did he offer sworn oral testimony with reference to his failure to appear for his deposition. An attorney who appeared on behalf of plaintiff's attorney (who was on active military duty) stated that plaintiff, who spoke no English, was confused as to the June 20 date and asked for another date for his deposition. The trial court dismissed plaintiff's complaint with prejudice. On August 2, 1979, plaintiff filed a motion to vacate the order of dismissal and submitted his affidavit entirely in Spanish. Defendants did not file anything in opposition to the motion to vacate. No certified translation of plaintiff's affidavit was furnished either to the trial court or to defendants. At this court's request a translation was furnished to this court.

At the hearing on the motion to vacate, August 23, 1979, plaintiff's counsel stated he could not read the affidavit. He understood that in it plaintiff said that he misunderstood the date. The attorney added that plaintiff speaks no English and all communications are through his oldest daughter, 14 years old. Plaintiff misunderstood the date as June 22 and had asked for that day off from work. Plaintiff's counsel also stated that some of the defendants agreed on a new date; some did not.

The court considered possible alternative sanctions, but concluded that a fine would not insure compliance; further, the court could not read the affidavit in Spanish; the only effective sanction was dismissal. The motion to vacate was denied. In the same order, the court granted Portable's motion to dismiss. This dismissal resulted in eliminating all the defendants.

Plaintiff appeals contending that the dismissal with prejudice was inappropriate.

Supreme Court Rule 219(c) gives a trial court broad powers to impose sanctions for failure to comply with discovery orders, according to the circumstances of each case. (Ill. Rev. Stat. 1979, ch. 110A, par. 219.) The courts have many times stated the extent and limitations of the Rule.

In *Treadwell v. Chiakmakis* (1978), 61 Ill. App. 3d 125, 377 N.E.2d 1164, the court said at pages 127-28:

"Rule 219 of the Illinois Supreme Court Rules, governing pretrial procedures, provides:

'If a party * * * unreasonably refuses to comply with any provision of Rules 201 through 218, or fails to comply with any order entered under these rules, the court * * * may enter, in addition to remedies elsewhere specifically provided, such orders as are just * * *.' (Ill. Rev. Stat. 1975, ch. 110A, par. 219(c).)

Under this rule the trial court has broad discretion in the conduct of pretrial discovery procedures and such discretion includes the imposition of reasonable sanctions against parties guilty of dilatory practice. (*Savitch v. Allman* (1975), 25 Ill. App. 3d 864, 323 N.E.2d 435.) The Illinois Supreme Court has recognized that such breadth of power requires careful exercise of discretion in order to balance the needs of truth and the imposition of an excessive burden to litigants. (*People ex rel. General Motors Corp. v. Bua* (1967), 37 Ill. 2d 180, 226 N.E.2d 6.) However, a reviewing court will not interfere with the exercise of such discretion unless the discretion has been clearly abused. *Booth v. Sutton* (1968), 100 Ill. App. 2d 410, 241 N.E.2d 488.

Despite this allowance for broad judicial discretion, courts have been understandingly lenient with and sympathetic to plaintiffs who have been deprived of their day in court, absent some showing of a deliberate and contumacious disregard of the rules or of the court's order. (*Savitch v. Allman* (1975), 25 Ill. App. 3d 864, 323 N.E.2d 435.) It has been held that in those situations where a party has not exhibited such a disregard, it is an abuse of discretion to deny the plaintiff a hearing on the merits of his claim. *Bergin v. Ashford* (1970), 130 Ill. App. 2d 835, 264 N.E.2d 266; *Gillespie v. Norfolk & Western Ry. Co.* (1968), 103 Ill. App. 2d 449, 243 N.E.2d 27."

While Rule 219 vests the trial court with discretion to impose an appropriate sanction for noncompliance, an abuse of that discretion may constitute reversible error. (See *In re Estate of Fado* (1976), 43 Ill. App. 3d 759, 357 N.E.2d 195.) It is fundamental, moreover, that the purpose of the imposition of sanctions should be to promote the goal of discovery, not to punish the offending party. (*People ex rel. General Motors Corp. v. Bua* (1967), 37 Ill. 2d 180, 226 N.E.2d 6.) In determining whether the noncompliance is unreasonable, the standard is whether the offending party's conduct is characterized by a deliberate and pronounced disregard for the rules and the court. *Serpe v. Yellow Cab Co.* (1973), 10 Ill. App. 3d 1, 293 N.E.2d 742.

In *Hansen v. Skul* (1977), 54 Ill. App. 3d 1, 3, 369 N.E.2d 267, the court said:

> "Dismissal of a party's cause of action 'is a drastic sanction and should be employed only as a last resort, when the uncooperative party shows "a deliberate, contumacious or unwarranted disregard of the court's authority" [Citations.].' (*Department of Transportation v. Zabel* (1975), 29 Ill. App. 3d 407, 410, 330 N.E.2d 878, 880, accord, *Booth v. Sutton* (1968), 100 Ill. App. 2d 410, 241 N.E.2d 488.) In any event, the sanction order entered must be just. As stated in *In re Estate of Fado* (1976), 43 Ill. App. 3d 759, 763, 357 N.E.2d 195, 198, a just order is one which, to the degree possible, assures both discovery and trial on the merits."

In *Treadwell*, the court further stated (61 Ill. App. 3d 125, 128):

> "In *Bergin v. Ashford* (1970), 130 Ill. App. 2d 835, 264 N.E.2d 266, it was held that the trial court abused its discretion where it had dismissed the plaintiff's personal injury suit for failure to comply with discovery procedures. There, the plaintiff had failed to appear at two depositions that had been arranged by defendant's counsel. Citing *People ex rel. General Motors Corp. v. Bua* (1967), 37 Ill. 2d 180, 226 N.E.2d 6, the court ruled that although Rule 219 provides for sanctions to be imposed when a party unreasonably refuses to comply with discovery procedures, ' "the court may not impose sanctions which are designed not to accomplish the objects of the discovery but to impose punishment." ' 130 Ill. App. 2d 835, 837, 264 N.E.2d 266, 268.
>
> The plaintiff's failure to comply with the discovery procedures in *Bergin* was held not to demonstrate 'a persistent failure or unreasonable refusal to comply with discovery rules or any order of the trial court.' (130 Ill. App. 2d 835, 838, 264 N.E.2d 266, 269.) Therefore, the court concluded that the plaintiff's conduct did not constitute such a disregard of the rules as to require a dismissal of his suit."

Similarly here, under the circumstances, plaintiff's failure to appear for his deposition on June 20 did not constitute such a deliberate or contumacious act as to warrant the dismissal of his suit. Because of the language barrier created by plaintiff's inability to speak English, he misunderstood by 2 days the date of the deposition. He thought it was June 22 and not June 20. His counsel's request for another date was agreed to by some defendants, but not by others. We were informed on oral argument in answer to a question from the bench that counsel for defendants were notified in advance that plaintiff's deposition would not go ahead on each of the earlier six dates. We find that plaintiff's failure to appear on June 20 was not a deliberate act. Dismissal of his suit with prejudice was an abuse of discretion as was the failure to vacate the order of dismissal.

Parenthetically, we note that his affidavit in Spanish overlooked section 1 of "An Act establishing English as the official language of the State of Illinois" (Ill. Rev. Stat. 1979, ch. 1, par. 3005): "The official language of the State of Illinois is English." A certified translation should have been supplied at the time the affidavit was filed.

Because of the language problem, plaintiff's counsel should have verified, before June 20, that plaintiff would be present. Because he did not and because, when plaintiff did not appear at his office in time for the deposition on June 20, he failed to communicate that fact to those waiting at the deposition site until called from there, he will be required to make reimbursement for the cost of the reporter and translator who were present, but not for the time of the attorneys there.

The orders of July 16, 1979, and August 23, 1979, are reversed and the cause remanded for further proceedings including the fixing of the costs of the reporter and translator to be reimbursed by plaintiff's counsel.

Orders reversed and cause remanded with directions.

McGLOON and CAMPBELL, JJ., concur.