ARTHUR HAGENSEE, a/k/a Arthur Hagansee, Plaintiff-Appellant, *v.* JEFFREY GALION, INC., Defendant-Appellee.—(WESTERN ASPHALT PAVING COMPANY *et al.*, Defendants.)

First District (3rd Division)    No. 79-2017

Opinion filed February 18, 1981.

Schwartzberg, Barnett & Cohen and Heller & Morris, both of Chicago, for appellant.

Stephen E. Sward and James G. McConnell, both of Rooks, Pitts, Fullagar & Poust, of Chicago, for appellee.

Miss JUSTICE McGILLICUDDY delivered the opinion of the court:

Arthur Hagansee, the plaintiff, filed this action to recover damages for personal injuries he suffered allegedly caused by the defendants' negligence. When the plaintiff failed to respond to certain interrogatories filed by the defendant, Jeffrey Galion, Inc. (Galion), the trial court dismissed the plaintiff's complaint as to this defendant and the plaintiff appeals. The sole issue presented for review is whether the trial court properly dismissed the plaintiff's complaint.

On June 2, 1977, Galion filed its interrogatories which included a request for the names of any individuals the "plaintiff may call as an expert witness at the trial." On August 25, 1977, having received no response to the interrogatories, Galion's counsel wrote a letter to the plaintiff's counsel requesting compliance. Galion filed a motion for sanctions on October 24, 1977, and on that date the trial court directed the plaintiff to answer the interrogatories by November 21, 1977. On December 16, 1977, Galion again filed a motion to dismiss the plaintiff's complaint due to his failure to comply with the October 24 order. The plaintiff was ordered by the court to answer the interrogatories by December 23, 1977.

On December 21, 1977, the plaintiff answered Galion's interrogatory relative to expert witnesses as follows: "Doctors as previously named thus far [treating physicians] and any other experts as may be called in." On May 10, 1978, Galion sought a dismissal of the plaintiff's complaint and argued that this answer was an attempt to frustrate discovery. The trial court granted this motion on May 10, 1978, but on motion of the plaintiff, it vacated the order of dismissal on May 24, 1978. On November 6, 1978, Galion filed another motion requesting disclosure of the plaintiff's experts. The trial court ordered all parties to identify all experts by June 1, 1979. Galion wrote to the plaintiff on July 5, 1979, requesting disclosure of the plaintiff's experts and, when no response was received, filed a motion on July 20, 1979, to dismiss the plaintiff's complaint. The complaint was dismissed as to Jeffrey Galion, Inc., on July 20, 1979.

On August 17, 1979, the plaintiff filed a motion to vacate the dismissal order and indicated that an expert witness had been found and would be identified at the hearing. At the hearing on the motion the plaintiff's

counsel stated that the plaintiff had had difficulty in finding an expert to support his liability theory. The plaintiff's counsel further stated that the witness was not known on July 20, 1979, when the complaint was dismissed. The trial court denied the plaintiff's motion to vacate the order of dismissal and noted that he had had two years to answer the defendant's interrogatory. The court further found that the plaintiff made no effort to seek extensions of time to respond to the interrogatories and thus completely disregarded the court's orders.

On appeal the plaintiff contends that his complaint was improperly dismissed for failure to disclose the name of his expert witness at a time when he was unable to find an expert. The plaintiff cites section 58(3) of the Civil Practice Act which requires that the parties make available the names of their expert witnesses "in sufficient time in advance of trial so as to insure a fair and equitable preparation of the case by all parties." (Ill. Rev. Stat. 1979, ch. 110, par. 58(3).) In reliance on this section he argues that the dismissal was unwarranted because he was able to disclose the name of his expert witness when he presented his motion to vacate the dismissal order, which was approximately a year and a half before the time of trial.

■■ The imposition of sanctions under Supreme Court Rule 219(c) (Ill. Rev. Stat. 1979, ch. 110A, par. 219(c)) is discretionary with the trial judge, and a court of review will not interfere with the action taken by the trial court unless there has been an abuse of discretion. (*Kyowski v. Burns* (1979), 70 Ill. App. 3d 1009, 388 N.E.2d 770.) Sanctions are imposed to promote the flow of discovery and not to punish the dilatory party. *People ex rel. General Motors Corp. v. Bua* (1967), 37 Ill. 2d 180, 226 N.E.2d 6; *Savitch v. Allman* (1975), 25 Ill. App. 3d 864, 323 N.E.2d 435.

■■ The entry of a default judgment or dismissal order under Rule 219(c) is a harsh sanction that ought not to be invoked unless a party shows a deliberate and contumacious disregard of the court's authority. (*Valdivia v. Chicago & North Western Transportation Co.* (1980), 87 Ill. App. 3d 1123, 409 N.E.2d 457; *Big Three Food & Liquor, Inc. v. State Farm Fire & Casualty Co.* (1979), 79 Ill. App. 3d 63, 398 N.E.2d 264; *Williams v. City of Chicago* (1977), 54 Ill. App. 3d 974, 370 N.E.2d 119.) Such sanctions should be employed as a last resort and should be set aside when a trial on the merits may be had without hardship or prejudice. *Humboldt-Armitage Corp. v. Illinois Fair Plan Association* (1980), 86 Ill. App. 3d 888, 408 N.E.2d 307.

■■ While the trial court was justified in imposing sanctions against the plaintiff, we believe the sanction of dismissal was too severe. The record shows that the plaintiff was careless in its failure to seek extensions of time to comply with the discovery orders and to keep the court advised of the reasons for his noncompliance. However, the record does not disclose a

deliberate, contumacious or unwarranted disregard for the court's authority. To the best of his ability the plaintiff did answer the defendant's interrogatories on December 21, 1977. At the motion to vacate the dismissal order, the plaintiff's counsel argued that he had had difficulty finding an expert to support his theory of liability. The plaintiff's counsel also indicated that he had secured an expert at that time and was willing to disclose his identity. As the parties could have proceeded to trial on the merits without hardship or prejudice, we believe the plaintiff should have disclosed the name of his expert witness and his motion to vacate the dismissal order should have been granted.

■■ However, the trial court may order the plaintiff or his attorney to pay reasonable expenses incurred by Galion for the sole purpose of obtaining compliance with the discovery rules and orders. (*Humboldt-Armitage*; Ill. Rev. Stat. 1979, ch. 110A, par. 219(c).) This cause is, therefore, remanded so that a hearing can be conducted by the trial court to determine whether it should impose reasonable costs.

For the foregoing reasons the order of the Circuit Court of Cook County is reversed and the cause is remanded for further proceedings consistent with the holdings of this opinion.

Reversed and remanded.

RIZZI, P. J., and McNAMARA, J., concur.