RONALD BREWER, Plaintiff-Appellant, *v.* ALTON MOORE, Defendant-Appellee.

First District (2nd Division)   No. 82—2184

Opinion filed January 31, 1984.

Brody, Gore & Fineberg, Ltd., of Chicago (John M. Mack and Grace Wein, of counsel), for appellant.

Beverly, Pause, Duffy & O'Malley, of Chicago (James R. Patterson and Samuel T. Klaskin, of counsel), for appellee.

JUSTICE PERLIN delivered the opinion of the court:

Plaintiff, Ronald Brewer (Brewer), appeals from the trial court's denial on July 28, 1982, of his January 10, 1979, section 72 petition for relief from judgment (formerly Ill. Rev. Stat. 1979, ch. 110, par. 72, now Ill. Rev. Stat. 1981, ch. 110, par. 2—1401). This petition requested the trial court to vacate its order of January 11, 1977, dismissing plaintiff's complaint "with prejudice" as a sanction for noncompliance with discovery.

On June 11, 1976, Brewer filed a complaint (No. 76 L 10746) against defendant, Alton Moore (Moore), in the circuit court of Cook County for personal injuries allegedly sustained in a July 2, 1974, automobile accident. In August 1976 Moore filed his appearance and answer and propounded interrogatories to Brewer. In September 1976 Moore, pursuant to Supreme Court Rule 201(k) (58 Ill. 2d R. 201(k)), made written demand for the answers to interrogatories. In October 1976 Moore moved to dismiss the complaint for Brewer's failure to answer interrogatories. By agreement, hearing on the motion was continued several times. Brewer's attorney advised Moore's attorney that answers to the interrogatories were not forthcoming because Brewer had apparently moved and his attorney was unable to locate him. On December 27, 1976, Moore filed a second motion to dismiss again based on Brewer's failure to answer interrogatories. On January 11, 1977, the hearing date set for Moore's motion, Brewer's attorney telephoned Moore's attorney. Upon being advised by Moore's counsel that he would not agree to a further continuance, Brewer's counsel informed Moore's counsel that he could not appear at the hearing due to a scheduling conflict. He requested that any order of dismissal entered include language providing that if Brewer was located within 30 days the case would be reinstated, and if he was located within one year, the case could be refiled. Brewer's counsel also requested Moore's counsel to forward to him a copy of the order when entered.

On January 11, 1977, Moore's counsel drafted an order, signed by the court, which read in relevant part:

> "This cause coming on to be heard on defendant's motion to dismiss plaintiff's cause of action for failure to answer interrogatories; and plaintiff's failure to comply with Supreme Court Rule 201(k); and *plaintiff's failure to obey court ordered continuances to permit answering of said interrogatories.* All par-

ties having notice and *plaintiff's counsel advising in open court that the plaintiffs [sic] have failed to follow their case* and have failed to advise their counsel of their whereabouts upon moving and the court being fully advised in the premises,

IT IS HEREBY ORDERED that *this entire cause of action is dismissed with prejudice* for plaintiff's failure to answer interrogatories; comply with Supreme Court Rule 201(k) and failure to comply with previous continuances to answer interrogatories. This court further sees no just reason to delay the appeal of this order." (Emphasis added.)

On January 27, 1977, after receiving several requests, Moore's attorney mailed to Brewer's attorney a copy of the order. Immediately upon receipt of the order Brewer's attorney that same day mailed a notice of motion to vacate the order of dismissal, or to modify it to reflect the dismissal to be "voluntary" or "for want of prosecution."

At the February 3, 1977, hearing on Brewer's motion to vacate or to amend the January 11 order of dismissal, Brewer's attorney advised the court that the dismissal order prepared and submitted by Moore's counsel contained misleading and untrue statements. Brewer's counsel explained that, contrary to the wording of the order, he was not "in open court" on January 11 and he had not then "advised" the court that Mr. Brewer "failed to follow his case." Also, the order's recitation that Brewer failed "to obey court ordered continuances to permit answering of said interrogatories" was untrue; no previous order of court so provided, and no order had been entered requiring answers to the interrogatories on a date certain.

The court granted Brewer's motion in an order providing, in part, "that the order of January 11, 1977 be modified to read that this cause was dismissed for want of prosecution. The defendant objects to this modification of this order as contrary to the law and evidence and the court overrules these objections."

On March 3, 1977, Brewer, pursuant to the Limitations Act (Ill. Rev. Stat. 1977, ch. 83, par. 24a), filed a second action (No. 77 L 5130) in the circuit court of Cook County involving the same facts and parties. Moore moved to dismiss the second action alleging it had been filed more than two years after the July 2, 1974, automobile accident and that the refiling under section 24 of the Limitations Act was barred because dismissal of the first action was not "voluntary" but rather was an "involuntary" dismissal entered "with prejudice" as a sanction for Brewer's failure to comply with discovery.

The trial court denied Moore's motion to dismiss the second case but certified the matter for appeal to the appellate court pursuant to

Supreme Court Rule 308 (58 Ill. 2d R. 308). This court granted Moore's application for leave to appeal. In that appeal (*Brewer v. Moore* (1978), 67 Ill. App. 3d 487, 487, 385 N.E.2d 73, 74) we found the "sole issue" to be "whether the dismissal of plaintiff's initial complaint acted as a bar to the refiling of a new action pursuant to section 24 of the Limitations Act." We held:

> "The supreme court in *Keilholz v. Chicago & Northwestern Ry. Co.* (1974), 59 Ill. 2d 34, 319 N.E.2d 46, held that the dismissal of an action for failure to comply with discovery is not a dismissal for want of prosecution, but rather it is an involuntary dismissal which bars refiling under section 24 [of the Limitations Act]. (See also *Heizman v. City of Chicago* (1st Dist. 1974), 23 Ill. App. 3d 835, 320 N.E.2d 121.) In the case at bar the original dismissal order was entered as a sanction under Supreme Court Rule 219 (Ill. Rev. Stat. 1975, ch. 110A, par. 219) for failure to answer interrogatories and comply with court orders. It is obvious from the record that the trial court modified the original dismissal order so as to use the magic words 'want of prosecution' and thereby bring the dismissal under the provisions of section 24.
>
> * * *
>
> We find that the initial action was dismissed as a sanction for failure to comply with court orders, and that the dismissal acts as a bar to refiling under section 24. Therefore, we reverse the order of the circuit court of Cook County." 67 Ill. App. 3d 487, 489, 385 N.E.2d 75.

On January 10, 1979, 15 days after the filing of our opinion dismissing Brewer's second case (No. 77 L 5130), he filed in the trial court a timely section 72 petition, with supporting affidavits, requesting the trial court to vacate its January 11, 1977, order of dismissal entered in his first case (No. 76 L 10746). Brewer's section 72 petition contended: the order entered on January 11, 1977, does not "truly or accurately" relate the relevant circumstances of the case nor the agreement reached between the attorneys regarding wording of that order; Brewer's attorney had lost contact with Brewer after the case was referred to him by Brewer's initial attorneys and repeated efforts to locate Brewer were finally successful and contact had been reestablished shortly after the court's order of January 11, 1977; and that Moore's attorney had misled the court in his drafting of the January 11 order of dismissal.

Moore filed a motion to strike and dismiss the section 72 petition, alleging that it contained no new facts as required by law, and that

the petition was an effort to "re-litigate" the same issues already determined by the appellate court.

On July 28, 1982, the trial court denied Brewer's section 72 petition, holding in part:

> "The petition contains no new matters which arose before or after this court's decision in January and February, 1977; or if it does, same could and should have been presented in January or February, 1977.
>
> The matters arising out of both cases were before the Appellate Court. It is clear that the Court considered the entire record and determined Plaintiff was not entitled to any relief including that which he seeks here.
>
> The mandate of the Appellate Court binds this Court and requires this Court to turn down any back door after the fact attack on either the decision or reasoning of the Appellate Court."

Brewer appeals from the above order of July 28, 1982.

The statutory provisions for relief from judgments (Ill. Rev. Stat. 1981, ch. 110, par. 2—1401, formerly Ill. Rev. Stat. 1979, ch. 110, par. 72) provides a procedure whereby final orders, judgments and decrees may be vacated after 30 days. The following requirements must be shown by a petitioner before relief is granted:

> "(1) the existence of a meritorious defense or claim [citations];
>
> (2) due diligence in presenting this defense or claim in the original action [citation];
>
> (3) that through no fault or negligence of his own an error of fact or a valid defense or claim was not made to appear to the trial court at the time the challenged judgment, order or decree was entered [citation]; and
>
> (4) due diligence in filing the petition for section 72 relief [citations].
>
> The petitioner must set forth specific factual allegations supporting each of the above elements [citations] and must prove his right to the relief sought by a preponderance of the evidence [citation]." (*Mitchell v. Seidler* (1979), 68 Ill. App. 3d 478, 482, 386 N.E.2d 284, 286.)

"The petition invokes the equitable powers of the court as justice and fairness require and should be considered in the light of equitable principles." *Manning v. Meier* (1983), 114 Ill. App. 3d 835, 838, 449 N.E.2d 560, 562.

■■ In the instant case we believe the trial court erred in denying

Brewer's section 72 petition. In its order the trial court found "the mandate of the appellate court binds this court and requires this court" to deny Brewer's petition. Our previous opinion in this case, however, addressed only the issue of a trial court's authority to modify an order of dismissal entered as a sanction for noncompliance with discovery, so as to allow a refiling of the lawsuit pursuant to the Limitations Act. Our opinion neither contemplated nor considered the issues raised by the section 72 petition subsequently filed by Brewer. "[T]he requirements and purposes of the Limitations Act are clearly distinct from those of section 72 of the Civil Practice Act." (*Saeed v. Bank of Ravenswood* (1981), 101 Ill. App. 3d 20, 28, 427 N.E.2d 858, 864.) Thus, our prior opinion was not to be construed to "bind" the trial court's ruling on Brewer's section 72 petition.

■ In our view the trial court erred also in finding that Brewer's section 72 petition presented "no new matters." The new matters to be brought to a court's attention in a section 72 petition are those facts "not appearing on the record which, if known to the court at the time judgment was entered, would have prevented its rendition." (*Davis v. Chicago Transit Authority* (1980), 82 Ill. App. 3d 987, 989, 403 N.E.2d 615, 616.) As we have previously noted, shortly after the January 11, 1977, dismissal order was entered, Brewer moved the court to vacate or amend the order based on facts which, according to Brewer, were not known to the court at the time it entered the order; to wit, the inaccuracies and untruths contained in the language of the order; that Brewer's failure to answer interrogatories was due to Brewer's counsel having lost contact with Brewer and the purported agreement between the attorneys regarding the wording of the order and the refiling of the lawsuit. The trial court, when first advised of these facts in February 1977, *did* in fact modify the January 11, 1977, order. Thus, we find Brewer's section 72 petition did present "new facts" not known to the court in January 1977 when the order was entered.

Among the circumstances to be examined in adjudging a section 72 petition is whether "a party has procured an unconscionable advantage through the extraordinary use of a court process." (*Hiram Walker Distributing Co. v. Williams* (1981), 99 Ill. App. 3d 878, 881, 426 N.E.2d 8, 10.) The conduct of opposing counsel is a relevant factor to be considered.

> "One of the guiding principles in the administration of section 72 relief is that the petition invokes the equitable powers of the court, which should prevent enforcement of a judgment when it would be unfair, unjust, or unconscionable. (*Elfman v.*

*Evanston Bus Co.* (1963), 27 Ill. 2d 609, 613; *Ellman v. De Ruiter* (1952), 412 Ill. 285, 292.) We note that in both these cases the unfair conduct of counsel was a factor in the court's determination that section 72 relief was warranted. As the court stated in *Elfman*, ' "Something more than the morals of a medieval market may reasonably be expected in the conduct of litigation." ' 27 Ill. 2d 609, 615, quoting *Jansma Transport, Inc. v. Torino Baking Co.* (1960), 27 Ill. App. 2d 347, 354." *Ostendorf v. International Harvester Co.* (1982), 89 Ill. 2d 273, 285, 433 N.E.2d 253, 258.

■■ We are compelled to conclude that Moore's attorney did not act in good faith when he drafted the January 11, 1977, order of dismissal wherein he included language which: dismissed Brewer's lawsuit "with prejudice"; indicated Brewer's attorney had made certain admissions "in open court" when the attorney was not in fact present; incorrectly noted Brewer's "failure to obey court ordered continuances" and made the dismissal order final and appealable. Such conduct, as well as the failure of Moore's counsel, until more than two weeks had passed and several requests by Brewer's counsel to provide him with a copy of the order went unanswered, cannot be condoned.

Although at oral argument before this court Moore's attorney stated he had never acceded to the request of Brewer's attorney that the order of dismissal recognize plaintiff's right to refile the lawsuit, we cannot, in view of Brewer's attorney's immediate action to vacate the order, believe that Brewer's attorney was cognizant of, or agreed to, inclusion of the language noted above. Although we are duly concerned with unnecessary delays in the judicial process, we deem even more significant our quest for justice.

We believe that under all of the circumstances of this case justice and good conscience require vacature of the trial court's January 11, 1977, order of dismissal.

For the reasons herein stated, the trial court's order denying Brewer's section 72 petition is reversed and this cause is remanded for further proceedings.

Reversed and remanded.

STAMOS and DOWNING, JJ., concur.