LUCIA GAYTON, Plaintiff-Appellant, v. ROBERTO E. LEVI *et al.*, Defendants (Thomas Stilp *et al.*, Defendants-Appellees).

First District (1st Division)   No. 85—1077

Opinion filed July 7, 1986.

144

Frank J. Mackey, Jr., of Chicago (Sidney Z. Karasik, of counsel), for appellant.

David J. Pritchard and Barbara A. Bundick, both of Rooks, Pitts & Poust, of Chicago, for appellees.

PRESIDING JUSTICE QUINLAN delivered the opinion of the court:

The plaintiff, Lucia Gayton, filed a negligence action in the circuit court of Cook County on July 13, 1982, against a number of defendants including Thomas Stilp, M.D., and Wilbur F. Britt, M.D. The plaintiff also named five additional doctors and two hospital corporations as defendants, but they are not involved in this appeal. The complaint sought to recover damages for personal injuries allegedly caused by the defendants' malpractice which arose out of two back operations the plaintiff underwent in June and July of 1981. Pursuant to a motion for sanctions filed by defendants, Britt and Stilp, the trial court dismissed the claims against them on September 26, 1983. The plaintiff filed a petition pursuant to section 2—1401 of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 2—1401) on November 22, 1983, which sought reinstatement of her claims against Britt and Stilp. The court denied the relief prayed for in the petition on March 20, 1985. The plaintiff has now appealed contending that the trial court abused its discretion when it denied the plaintiff's section 2—1401 petition.

Shortly after plaintiff's suit was filed, the defendants served her with six sets of interrogatories and three requests to produce between August and December 1982. The plaintiff failed to answer the interrogatories or comply with the production requests of the defendants. Thereafter, the case was automatically scheduled for a hearing on the

circuit court progress call to be heard on January 13, 1983. On the day of the hearing, the attorneys met in the hallway prior to the hearing, discussed plaintiff's noncompliance with discovery, and agreed upon a discovery schedule. The progress-call judge incorporated the agreed schedule into his order, which required the plaintiff to comply with all written discovery by March 1, 1983. The plaintiff failed to comply with the court order.

Subsequently, one of the defendants, Roberto Levi, M.D., filed a motion to dismiss plaintiff's suit for her wilful failure to comply with both the January 13 court order and defendant's previous requests for discovery. Levi's motion indicated that pursuant to Rule 201(k) (87 Ill. 2d R. 201(k)) he had made a reasonable attempt to reach an accord and was unsuccessful. Britt and Stilp also filed a motion for sanctions because of plaintiff's noncompliance with the discovery, but, unlike Levi's motion, Britt and Stilp's motion failed to indicate any attempt to resolve the matter pursuant to Supreme Court Rule 201(k) (87 Ill. 2d R. 201(k)). Both motions were scheduled for hearing on May 6, 1983. On April 30, 1983, it appears that the plaintiff mailed unsigned copies of four sets of interrogatories to all the defendants. On May 6, 1983, the court again ordered the plaintiff to file her answers to the outstanding interrogatories and provided that the answers were to be filed on or before June 3, 1983.

On May 9, 1983, the plaintiff sent signature pages for the interrogatories previously mailed on April 30, 1983, to all the defendants. However, these mailings did not include answers to Levi's or Britt's and Stilp's sets of interrogatories. Also, the plaintiff failed to comply with the court order and did not file any answers to the interrogatories by June 3, 1983.

Thereafter, Britt and Stilp served notice on the plaintiff that they would appear in court on September 26, 1983, and present another motion for sanctions. The defendants' motion set forth that two previous court orders directing discovery had been entered, the court order of January 13 and the court order of May 6, and that the plaintiff had not complied. This motion did not indicate that the requirements of Rule 201(k) had been met prior to filing the motion. The plaintiff failed to appear in court on the date of the hearing, and the trial judge, after a hearing, found the plaintiff's noncompliance with discovery to be deliberate, and dismissed the cause of action with prejudice against Britt and Stilp. The dismissal order contained conditions for reinstatement, *i.e.*, that the plaintiff tender the absent discovery or provide a reasonable excuse for having failed to do so. The defendants assert that they sent a copy of this dismissal order to the plain-

tiff.

On November 22, 1983, almost 60 days after the dismissal order was entered, the plaintiff filed her section 2—1401 petition for relief from the dismissal order. The grounds for her petition were that she never received notice of the September 26 hearing regarding defendants' second sanctions motion; she never received a copy of the dismissal order; and that any noncompliance was inadvertent in that she thought all defendants' interrogatories had been answered. On the same day, November 22, 1983, the plaintiff filed with the court what purported to be answers to all six sets of interrogatories. However, it appears that only four sets of interrogatories were actually signed by the plaintiff. The signatures on the set of interrogatories sent to the defendant Levi and defendants Britt and Stilp were not actually signed by the plaintiff, but, rather appear to be photostatic copies of the plaintiff's signature as it appears on another set of interrogatories.

On February 16, 1984, the trial court entered an order establishing a discovery schedule respecting the section 2—1401 motion proceeding. This order required discovery concerning the 2—1401 petition to be completed by April 2, 1984. On February 17, 1984, the defendants served the plaintiff with three special interrogatories accompanied by a letter requesting an expeditious response due to the 46-day discovery schedule. The plaintiff mailed her answers to the special interrogatories on April 10, 1984, and Britt and Stilp filed another motion for sanctions for plaintiff's failure to satisfactorily comply with discovery. This time the motion for sanctions included an assertion of compliance with Supreme Court Rule 201(k). On April 24, 1984, the court conducted a hearing on the motion, and, afterwards ordered an extension of the discovery schedule for the section 2—1401 proceeding, and transferred the motion to reinstate to another judge for any subsequent hearings. On July 6, 1984, the plaintiff filed an amended section 2—1401 petition, with leave of court, substantially asserting the same grounds as previously set forth but elaborated on the factual basis claimed to warrant relief. She also for the first time objected to the absence of any allegation of a Rule 201(k) conference in relation to the failure to comply with the court orders of January 13 and May 6. The defendants filed a motion to dismiss this amended petition pursuant to section 2—619 of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 2—619) asserting that section 2—1401 did not apply to the situation here created by the petitioning party.

The court, thereafter, conducted a hearing on the amended petition on March 20, 1985, and at the conclusion of the hearing, the

court found there had been a continuous disregard by plaintiff of the necessity of prosecuting a civil case. The court further found that all of the delays in the discovery process were caused, as it is stated by the actions on behalf of the plaintiff. Finally, the trial judge stated that, even assuming that there was a failure to comply with the specific requirements of Rule 201(k) when the defendants had moved for the dismissal here, the court could not conclude, under the circumstances, that the prior judge's dismissal order was improper. The trial court ruled that since the claims were dismissed for violation of two previous court orders, and not merely for noncompliance with discovery, the mere failure to hold a Rule 201(k) conference did not warrant a vacation of the dismissal.

The plaintiff appeals from the court's denial of her 2—1401 petition contending that compliance with Supreme Court Rule 201(k) is a precondition for a motion for sanctions including motions to enforce previous court orders compelling discovery, and thus, in the circumstances of this case, the motion judge abused his discretion in dismissing the complaint against the instant defendants. We disagree, and for the reasons below, we affirm the ruling of the trial court.

■■ ■ The purpose of section 2—1401 is to enable a party to bring facts to the trial court's attention which, if known by the court at the time it entered the final order or judgment, would have prevented the entry of that judgment or order. (*Esczuk v. Chicago Transit Authority* (1968), 39 Ill. 2d 464, 236 N.E.2d 719; *Fabian v. Norman* (1985), 138 Ill. App. 3d 507, 486 N.E.2d 335.) The petitioner must demonstrate four elements under section 2—1401 to be entitled to relief: (1) the existence of a meritorious claim or defense; (2) due diligence in presenting that claim or defense in the original action; (3) due diligence in presenting the section 2—1401 petition; and (4) the trial court's misapprehension of the facts, the valid defense, or claim, through no fault or negligence of the petitioner, at the time the challenged judgment or order was entered. (*Fabian v. Norman* (1985), 138 Ill. App. 3d 507, 510, 486 N.E.2d 335; *Brewer v. Moore* (1984), 121 Ill. App. 3d 423, 427, 459 N.E.2d 1153.) This court has stated that a petition seeking to reinstate a claim dismissed for failure to comply with discovery "must set forth due diligence, both prior to the dismissal and in the subsequent pursuit of the section [2—1401] remedy." *Lohja v. Checker Taxi Co.* (1980), 92 Ill. App. 3d 491, 493, 416 N.E.2d 32.

■ Furthermore, section 2—1401 is not to be utilized in order to protect a litigant from the consequences of his own mistakes or his counsel's negligence. (*Esczuk v. Chicago Transit Authority* (1968), 39

Ill. 2d 464, 236 N.E.2d 719; *Fabian v. Norman* (1985), 138 Ill. App. 3d 507, 486 N.E.2d 335.) Nor is relief to be granted "in the face of inexcusable neglect in complying with rules and orders of court designed to ameliorate this burgeoning problem [of backlogged calendars]." *Lohja v. Checker Taxi Co.* (1980), 92 Ill. App. 3d 491, 495, 416 N.E.2d 32.

■ The decision to vacate a final order or judgment is a matter within the discretion of the court. (*Lohja v. Checker Taxi Co.* (1980), 92 Ill. App. 3d 491, 416 N.E.2d 32.) As such, this court will not disturb that decision absent an abuse of discretion. *Fabian v. Norman* (1985), 138 Ill. App. 3d 507, 486 N.E.2d 335.

The plaintiff argues that a party is required to comply with Rule 201(k) not only when moving to compel discovery but also when moving to seek compliance with court orders directing discovery. She asserts that defendants failed to comply with Rule 201(k) when they sought enforcement of the court orders and obtained a dismissal of her claim as a sanction for noncompliance. This, she contends, is contrary to the intent of Rule 201(k) which seeks to obtain compliance with discovery without the necessity of judicial intervention. Therefore, she concludes that the dismissal of her claims was improper, and this court should reverse the trial court's decision and reinstate her claims. The defendants argue, on the other hand, that any noncompliance with Rule 201(k) is immaterial when enforcement is sought of a prior court order which has been defied by an opposing party. To require such compliance under the circumstances, defendants contend, would make no sense. We agree.

■ It is the intention of the discovery system that the vast majority of discovery questions should be resolved by the lawyers and litigants themselves, and that judicial intervention should not be required. (*Williams v. A. E. Staley Manufacturing Co.* (1981), 83 Ill. 2d 559, 416 N.E.2d 252.) In furtherance of this policy, the supreme court promulgated Rule 201(k), which provides:

> "Every motion with respect to discovery shall incorporate a statement that after personal consultation and reasonable attempts to resolve differences the parties have been unable to reach an accord. The court may order that reasonable costs, including attorneys' fees, be assessed against a party or his attorney who unreasonably fails to facilitate discovery under this provision." (87 Ill. 2d R. 201(k).)

The purpose of the rule is to "curtail undue delay in the administration of justice and to discourage motions of a routine nature." 87 Ill. 2d R. 201(k), Committee Comments.

■ Such goals are attained when the parties attempt to iron out discovery problems before seeking court intervention and sanctions. This is consistent with the concept of discovery which is authorized to begin very early in the proceeding and is intended to have a broad scope so as to assist the parties in fashioning their claims and defenses to later be presented to the court. (See 87 Ill. 2d R. 201, Committee Comments.) However, once the court does become involved in the supervision of discovery matters, as it did here at the progress-call hearing and subsequently through the entry of orders, such goals are no longer served by requiring mandatory compliance with Rule 201(k). Rule 201(k) would not serve its purpose if a party were required to continually make attempts to rectify a defiant party's noncompliance with numerous prior court orders before that party could bring the adversary's failure to comply with the orders to the court's attention itself. In fact, to require compliance with Rule 201(k) before a court could enforce its previous orders, entered in an attempt to expedite the truth-seeking process, would permit the rule to be used to further delay, distract and harass one's opponent. Thus, the pettifoggery sought to be discouraged by a court's ability to impose appropriate sanctions under Rule 219 (103 Ill. 2d R. 219) would be encouraged, rather than discouraged, by compliance with Rule 201(k) in such situations.

In addition, this court finds the cases cited by the plaintiff as supportive of her contention that compliance with Rule 201(k) is mandatory even when seeking compliance with court orders concerning discovery are distinguishable. In *Williams v. A. E. Staley Manufacturing Co.* (1981), 83 Ill. 2d 559, 416 N.E.2d 252, the plaintiff answered the defendant's set of interrogatories in a timely fashion, but he failed to produce any of the requested material. After four months of silence, the defendant moved to dismiss plaintiff's complaint for failure to comply with the discovery request. Plaintiff failed to appear on the hearing date, and the court dismissed his complaint. On appeal, the supreme court ordered reinstatement of plaintiff's complaint, there, because of the absence of the defendant's compliance with Rule 201(k). However, unlike the plaintiff in this case, the plaintiff in *Williams v. A. E. Staley Manufacturing Co.* had only failed to comply with a discovery request of the opponent and had not disregarded any court-ordered discovery before his opponent sought judicial intervention and dismissal of his complaint. Here, the plaintiff's claims against Britt and Stilp were dismissed not for the mere failure to comply with the discovery requests of the defendants but for her failure to comply with two orders of the court specifically di-

recting her to provide the discovery.

In *Spiller v. Continental Tube Co.* (1983), 95 Ill. 2d 423, 447 N.E.2d 834, the defendant was ordered to produce a former employee on a certain date for a deposition. The trial judge based the order on his recollection that the defendant had unconditionally agreed during an unrecorded conference in chambers to do so. The record failed to indicate any such agreement, and the defendant denied making such an unconditional promise. The trial court dismissed the defendant's counterclaim as a sanction for noncompliance with the discovery order. Our supreme court held that the counterclaim's dismissal could not be upheld on the record, there, because the failure to produce the former employee was not entirely the defendant's fault and the discovery problems were not solely the defendant's making. Here, the record adequately supports the trial court's dismissal in that the plaintiff failed to comply with two prior court orders and, as the trial court specifically found here, that the problems were the fault of the plaintiff.

■ Here, too, the plaintiff failed to answer any of the discovery requests in a timely fashion. The court began to supervise discovery on January 13, 1983, when the case appeared on the progress call. The court order included a discovery schedule with which the plaintiff failed to comply. When sanction motions were scheduled for hearing on May 6, 1983, the plaintiff mailed unsigned copies of four sets of interrogatories to all defendants. However, the two sets omitted were those propounded by defendants moving for sanctions. On May 6, 1983, the court set another date by which the plaintiff was to comply with discovery. Again, the plaintiff failed to comply with that order of the court. Thus, requiring compliance with Rule 201(k) here, before enforcing the prior court orders, would only have served to increase the delay in the administration of justice in the present case and served no other purpose.

■ The plaintiff also contends that her failure to receive notice of defendants' intent to appear in court on September 26, 1983, and file a motion for sanctions is a fact which, if known by the trial court, would have prevented entry of the order dismissing her claims. However, it is well settled that failure to receive notice alone is an inadequate basis for granting relief under section 2—1401. *Fennema v. Vander Aa* (1969), 42 Ill. 2d 309, 247 N.E.2d 409.

■ Furthermore, the record here also displays the plaintiff's total lack of diligence in representing her negligence claims. The lawsuit was over two years old before the plaintiff began taking any discovery. The underlying negligence claims were dismissed for want of

prosecution on March 14, 1985, and the plaintiff was required to proceed on an emergency motion to vacate that dismissal order, even before the hearing on her section 2—1401 petition here could proceed. Additionally, the record exhibits a lack of diligence by the plaintiff in pursuing her section 2—1401 remedy itself. She delayed in answering the defendant's special interrogatories requiring the court to order an extension of the discovery schedule for the section 2—1401 proceeding. Finally, the plaintiff offered no reasonable excuse as to why she failed to comply with the court's order and discovery requests, nor did she demonstrate a willingness to comply in the future. *Cf. Hall v. Jacobs, Camodeca & Timpone* (1985), 134 Ill. App. 3d 516, 481 N.E.2d 5.

The plaintiff also argues that, notwithstanding Rule 20(k), the trial court abused its discretion when it dismissed her claims as a sanction under Rule 219(c) (103 Ill. 2d R. 219(c)). She argues that the defendants will not suffer undue hardship or prejudice if required to proceed to trial. Additionally, she argues that her conduct did not rise to the level permitting the court to impose the severe sanction of dismissal.

■■ ■ The imposition of sanctions under Rule 219(c) (103 Ill. 2d R. 219(c)) is a matter within the discretion of the trial judge, and a review court will not interfere with the trial judge's action unless there was an abuse of discretion. (*Tinsey v. Chicago Transit Authority* (1986), 140 Ill. App. 3d 546, 488 N.E.2d 1301.) Sanctions are imposed primarily to promote the flow of discovery and not to punish. (*Hagensee v. Jeffrey Galion, Inc.* (1981), 93 Ill. App. 3d 675, 417 N.E.2d 733.) Of course, the dismissal of a complaint for failure to comply with discovery is a drastic sanction (*Humboldt-Armitage Corp. v. Illinois Fair Plan Association* (1980), 86 Ill. App. 3d 888, 408 N.E.2d 307), but such an action is authorized where the conduct of the offending party is characterized by a deliberate and contumacious disregard of the court's power (*Sanchez v. Phillips* (1977), 46 Ill. App. 3d 430, 361 N.E.2d 36).

■■ We find the plaintiff's argument of no hardship to be totally unpersuasive here. Such an action is particularly justified where there has been a wilful disobedience of court orders and procedures, a failure to demonstrate some legitimate excuse for not complying with the discovery in the past, and a failure to demonstrate a willingness to comply in the future. See *Hall v. Jacobs, Camodeca & Timpone* (1985), 134 Ill. App. 3d 516, 481 N.E.2d 5.

■■ Furthermore, the decision to vacate a final order or judgment pursuant to a section 2—1401 petition is, as stated previously,

addressed to the sound discretion of the trial court. As we also observed earlier, a section 2—1401 petition is not intended to protect a litigant from his or her own mistake and negligence, nor to relieve them from inexcusable neglect to comply with the rules and orders of the court. Clearly, this is what the plaintiff essentially sought in her petition here, which the trial court properly denied. Under such circumstances, we cannot find the trial court abused ids discretion, but rather find its denial of plaintiff's petition to be a proper exercise of his discretion.

Accordingly, for the reasons set forth above, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

CAMPBELL and O'CONNOR, JJ., concur.