GREGORY KROL *et al.*, Plaintiffs-Appellees, v. ROBERT WINCEK, Defendant-Appellant.

First District (1st Division)   No. 1—92—2932

Opinion filed February 14, 1994.

Joshua Sachs, of Chicago, for appellant.

Brenner, Mavrias & Alm, of Chicago (Nathan G. Brenner, Jr., and James A. Berglund, of counsel), for appellees.

JUSTICE O'CONNOR delivered the opinion of the court:

In this appeal, we are asked to review an order of the circuit court which denied a petition for post-judgment relief under section 2—1401 of the Code of Civil Procedure. (Ill. Rev. Stat. 1989, ch. 110, par. 2—1401 (now 735 ILCS 5/2—1401 (West 1992)).) We affirm.

On August 15, 1984, the home of plaintiffs Gregory and Roberta Krol suffered severe damage in a fire. The Krols subsequently filed a complaint seeking damages from defendants Zenith Radio Corporation and Robert Wincek, because the fire supposedly originated in the Krols' television set, which was manufactured by Zenith and refurbished and sold by Wincek. The Krols alleged three counts against Zenith, including *res ipsa loquitur*, negligence, and strict liability.[1] The lone count against Wincek alleged that he sold the Krols the television set on January 15, 1983. According to the allegations, Wincek had negligently refurbished the set and sold it to the Krols in that condition, failing to warn the Krols of that

---

[1]Zenith filed an appearance in the action and ultimately obtained summary judgment in its favor. Zenith is not involved in this appeal.

condition, while warranting that the television set was in working order.

Wincek never appeared in the action. The case proceeded against Zenith, and discovery ensued. Eventually, the circuit court granted Zenith's motion for summary judgment on all counts. On February 22, 1991, the circuit court entered an order of default against Wincek, and an *ex parte* judgment in the amount of $73,156.32 was entered two months later.

Wincek claims that he first became aware of the judgment against him when his bank account was garnished in November 1991. He subsequently retained counsel and "learned" of the events which had transpired after the filing of the Krols' complaint. Apparently, the sheriff's return indicated that Wincek had been personally served on August 16, 1986.

Wincek filed a special and limited appearance and moved to quash service, claiming that he had never been served in the action. The circuit court held an evidentiary hearing on the motion and ultimately denied it on June 2, 1992. Seven days later, Wincek filed his section 2—1401 petition. Wincek alleged that during discovery, the Krols admitted that Wincek did not refurbish the television set in the manner alleged in their complaint. Thus, he alleged that a meritorious defense existed which would preclude the Krols' negligence action against him. Wincek also asserted that he had satisfied the due diligence requirement because he had never been served in the action. After an evidentiary hearing, the circuit court denied the petition, finding that the deputy sheriff who served Wincek was more credible than Wincek. Wincek appeals.

■ Pursuant to section 2—1401, the Code of Civil Procedure sets forth a simple petition process affording parties, when appropriate, "[r]elief from final orders and judgments, after 30 days from the entry thereof." (Ill. Rev. Stat. 1989, ch. 110, par. 2—1401.) A section 2—1401 petition is addressed to the equitable powers of the trial court (*People v. Alfano* (1981), 95 Ill. App. 3d 1026, 420 N.E.2d 1114) and allows a party to bring before the court matters unknown to the party and the court at the time of the judgment which would have precluded its entry. (*Manning v. Meier* (1983), 114 Ill. App. 3d 835, 449 N.E.2d 560.) A section 2—1401 petition is considered a new proceeding separate from the proceeding in which the judgment was rendered (Ill. Rev. Stat. 1989, ch. 110, par. 2—1401(b)); therefore, like a complaint, the petitioner must allege and prove a right to the relief sought as in any other civil action. *Klein v. La Salle National Bank* (1993), 155 Ill. 2d 201, 205, 613 N.E.2d 737; *Smith v. Airoom, Inc.* (1986), 114 Ill. 2d 209, 221, 499 N.E.2d 1381.

■ Generally, to prevail under section 2—1401, a petitioner must set forth a meritorious defense or claim to the original action in addition to his due diligence in presenting the defense or claim and in filing the petition. (*Klein*, 155 Ill. 2d at 205.) In other words, the petitioner bears the burden of showing that, if the ground for relief asserted in the meritorious defense had been known when the complained-of judgment was rendered, the failure to discover and present it at that time was not the result of petitioner's own lack of diligence. (*Ostendorf v. International Harvester Co.* (1982), 89 Ill. 2d 273, 433 N.E.2d 253.) In determining diligence, courts look to whether the petitioner, at the time of the entry of the judgment and after making every effort in his power, failed to raise or discover the asserted grounds through no fault or neglect of his own. (*Gayton v. Levi* (1986), 146 Ill. App. 3d 142, 148, 496 N.E.2d 1045.) Accordingly, this requirement of diligence denies petitioners a new opportunity to do that which should have been done during the earlier proceeding. Section 2—1401 provides petitioners relief from adverse judgments because of the discovery of some matter not previously appearing in the record; however, no such relief can be given when that matter should have been presented, and the petitioner reasonably could have done so. *Goncaves v. Saab* (1989), 184 Ill. App. 3d 952, 538 N.E.2d 142, *appeal denied* (1989), 127 Ill. 2d 615, 545 N.E.2d 110.

■ In the present case, Wincek claims that the requirement of due diligence has been met because he was never served in the earlier proceeding. However, the circuit court conducted two evidentiary hearings on this claim at which the presiding judge found that Wincek did indeed receive service. As a reviewing court, we cannot disturb those findings because they relate to credibility of witnesses. *Cosmopolitan National Bank v. County of Cook* (1984), 103 Ill. 2d 302, 469 N.E.2d 183.

Wincek alternately asks this court to excuse the lack of diligence should we find that Wincek was served. He claims that his meritorious defense, that is, the Krols' admissions during discovery, precludes the entry of judgment against him. Thus, he argues, it would be fundamentally unfair for him to be assessed damages under the facts presented here. We disagree.

Here, had Wincek taken the time to appear in and defend against the action, he would have been aware of the representations made by the Krols during discovery. Instead, he chose to ignore the service and failed to appear in the case. By undertaking such a course of action, Wincek, in essence, allowed the default to occur.

Relaxation of the diligence requirement is not justified under such circumstances. Section 2—1401 was not designed to relieve

petitioners of their responsibilities to avoid the consequences of adverse judgments occasioned by their own neglect during the course of an action. (*Esczuk v. Chicago Transit Authority* (1968), 39 Ill. 2d 464, 236 N.E.2d 719; *Shapira v. Lutheran General Hospital* (1990), 199 Ill. App. 3d 479, 557 N.E.2d 351, *appeal denied* (1991), 136 Ill. 2d 554, 567 N.E.2d 342.) Wincek readily could have discovered the matter asserted as the basis for his petition; therefore, no reason exists to lessen the diligence burden.

The question of whether a section 2—1401 petition should be granted lies with the discretion of the circuit court and that decision should not be disturbed on appeal absent abuse. (*Airoom*, 114 Ill. 2d at 221.) Given the findings made in the circuit court and the record on appeal, we discern no such abuse of discretion.

Affirmed.

CAMPBELL, P.J., and MANNING, J., concur.